## WILLIAMS v. UNITED STATES.

Circuit Court of Appeals, Third Circuit.
January 10, 1928.

No. 3660.

Army and navy ⬤⟻51½—District Court has jurisdiction of action on adjusted service certificate issued to veteran of World War (Act May 19, 1924, § 501 [38 USCA § 641]).

An adjusted service certificate, issued under World War Adjusted Compensation Act, § 501 (38 USCA § 641), is not a pension or gratuity, but a recognized contractual obligation of the government, in the nature of a paid-up endowment insurance policy, and the amount being less than $10,000, a District Court has jurisdiction of an action thereon.

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Action at law by Florence E. Williams against the United States. Judgment of dismissal, and plaintiff brings error. Reversed and remanded.

William Kaufman, of Pittsburgh, Pa., for plaintiff in error.

John D. Meyer, U. S. Atty., and William J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In pursuance of section 501 of the Act of Congress (38 USCA § 641) entitled "An act to provide adjusted compensation for veterans of the World War and for other purposes," the Director of the United States Service Bureau duly issued and delivered to William C. Williams certificate A–3081035. Such certificate provided that, "in conformity with the laws of the United States, the amount herein named, eight hundred sixty-seven dollars ($867), less any indebtedness, including interest, lawfully incurred and due hereon, shall become due and payable on the 1st day of January, 1945, to William C. Williams, * * * or upon the death of the veteran prior to the date above named, the amount hereinabove stated shall become due and payable to the beneficiary named by the veteran." It further provided: "The amount due under this certificate will be paid upon presentation of the certificate with form 'demand for payment' appearing on the reverse side hereof, duly executed and certified, and accompanied by such proof of identity and right to receive payment as may be prescribed, to the Director," etc. The certificate further specified its increasing loan value from year to year, provided how loans might be made upon it by banks or trust companies, that it was immune from seizure by legal process, and that "all rights under this certificate are effective from the 1st day of January, 1925." It will be noted, also, that by section 505 of the act (38 USCA § 645) a fund was created and set apart for the payment of these certificates.

From the above it will be seen that, though issued by the government and in form called a certificate, in substance and effect it was a paid-up endowment life insurance policy for $867, payable to the insured in 1945, if living, and to his beneficiary or estate, as the case might be, in case of his death prior thereto. Williams died August 13, 1925, and his wife, Florence E. Williams, his named beneficiary, duly made claim from the United States for the amount specified in the certificate. Payment was refused, and thereon the widow and beneficiary brought this suit in the United States District Court for the Western District of Pennsylvania, and the United States filed an affidavit of defense, pursuant to the Pennsylvania Procedure Act (Pa. St. 1920, § 17062 et seq.), asserting that the court had no jurisdiction in the case. This being in effect a demurrer, the above-stated facts are admitted. On hearing the court sustained the government's contention, saying: "True, the act does not describe the amount awarded as a pension, but it has thrown around it all the ordinary provisions relating to a pension, and the amount awarded is a gratuity, plainly in the nature of a pension. When the act which conferred jurisdiction upon the Court of Claims is compared with that which confers jurisdiction upon this court, it seems quite plain that Congress intended to allow suit to be brought against it upon practically all claims, except upon gratuities awarded by it, and that such gratuities were to be distributed in accordance with the regulations of the proper department of the United States and the rulings of its proper officers. Each of these acts of Congress conferring jurisdiction, it will be noted, excepts jurisdiction in the matter of pensions."

From a decree dismissing the case, Mrs. Williams took this appeal, and the sole question before us is: Had the court below jurisdiction of her suit? We are of opinion it had. This suit is not brought to obtain a pension or gratuity, which the United States had provided generally for persons in a named class, of which the plaintiff's decedent was a member, but to enforce an obligation which the United States had entered into formally and directly with the plaintiff's decedent, and, through him, with her, the named beneficiary. Whether the certificate evidencing the undertaking of the United States is based on a contractual or a moral obligation is not a matter of present concern, in view of the fact that the United States voluntarily recognized the obligation, and, on the decedent's proof of services rendered, formally and unconditionally assumed it. Whatever the right or claim of Williams was in name, the government, in pursuance of statutory power, issued and delivered to him paid-up insurance evidenced by the certificate, and promised to pay it, upon the happening of several events, one of which has now occurred. With the facts as they admittedly are by this demurrer, the suit is simply against the United States upon its undertaking to pay money to the beneficiary. As this undertaking is not shown by the legislative history leading up to the enactment of the statute under which it was authorized, or by the terms of the statute itself, to be a pension, we cannot hold that the government's obligation, as indicated by the certificate,

running to the grantee's beneficiary, as well as to the grantee himself, is a pension. Accordingly, being for a sum less than $10,000, the United States granted jurisdiction to the District Court to entertain this action.

So holding, the decree dismissing this suit is vacated, the same reinstated, and the cause remanded for proceedings in due course.