## UNITED STATES v. WILLIAMS.

No. 104.   Argued December 7, 1928.—Decided January 2, 1929.

*Solicitor General Mitchell,* with whom *Messrs. W. Clifton Stone, Wm. Wolff Smith,* General Counsel, U. S. Veterans Bureau, and *James T. Brady* were on the brief, for the United States.

*Mr. Wm. Kaufman* submitted for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is an action brought in the federal District Court for the Western District of Pennsylvania to recover upon an adjusted service certificate issued, through the Veterans' Bureau to respondent's husband, under the provisions of the Adjusted Compensation Act, c. 157, 43 Stat. 121, as amended by the act of July 3, 1926, c. 751, 44 Stat. 826.   Respondent's petition alleges the issue of the certificate, the death of the veteran, the interest of respondent as beneficiary, the filing of proof of her claim with the Director, and a failure and refusal of the Director to make

payment after demand upon him. A demurrer to the petition was sustained by the district court upon the ground that the case involved a pension claim, in respect of which the courts were expressly denied, jurisdiction. The circuit court of appeals held otherwise, and sustained the jurisdiction of the district court on the ground that the certificate embodied an express obligation of the United States. 23 F. (2d) 792. We do not find it necessary to determine whether this view or that of the district court is correct, but dispose of the case upon a ground urged here by the government, but apparently, it is fair to say, not suggested to either court below.

The general administration of the Adjusted Compensation Act is committed to the Director of the Bureau. Under the terms of the original act, the certificate is to be issued by that officer upon certification from the Secretary of War or the Secretary of the Navy. § 501. Application first must be made to the Secretary of War or the Secretary of the Navy, as the case may be, who is authorized to transmit the same together with a certificate setting forth, among other things, the amount of the adjusted service credit. §§ 302 (a), 303 (a), as amended. From a consideration of the whole act it is clear that these officers must pass upon the facts which it is claimed justify the issue of such certificates. Section 310 of the amended act, hereafter quoted, makes it equally clear that their decisions upon these facts are final and conclusive. Section 502 authorizes a bank loan upon the security of an adjusted service certificate. If the loan be not paid at maturity, the note and certificate must be presented to the Director, who in his discretion may pay the claim and adjust the remaining balance with the veteran or his beneficiary. A fund is created in the Treasury of the United States and made available to the Director for payment of adjusted service certificates upon their maturity or the

prior death of the veterans to whom issued, and for payments to banks on account of loans made under § 502. §§ 505–507. Before any certificate can be paid it must, of course, be presented to the Director, who, necessarily, must first decide all relevant matters in respect of the right of the claimant to receive payment.

It is not necessary to go further into particulars. A review of the entire act and the amendments shows, we think, that all questions relating to the right of any person to a certificate, the amount of it, etc., and payments to be made under its terms before or at maturity, are to be determined by the appropriate executive officer as a basis for his action. The effect of the executive determination, if that were otherwise doubtful, is set at rest by the provisions of § 310 of the amended act, which reads:

" The decisions of the Secretary of War, the Secretary of the Navy, and the Director, on all matters within their respective jurisdictions under the provisions of this Act (except the duties vested in them by Title VII) shall be final and conclusive."

Under the provisions of the act, and in the light of the section just quoted, we are of opinion that exclusive authority is vested in the Director of the Bureau to entertain and pass upon all claims for payment of these certificates. It is evident that when a certificate is presented to the Director by one claiming to be the beneficiary that officer must, as a necessary prerequisite to the payment, ascertain and determine that the veteran is dead, that the person claiming payment is in fact the beneficiary, and any other matter of fact or law which may affect the right of the claimant in any given case. We may assume that the Director performed that duty here. The record does not disclose the basis for his action; but whatever it may have been, his decision is final, at least unless it be wholly without evidential support or wholly

dependent upon a question of law or clearly arbitrary or capricious. *Silberschein* v. *United States*, 266 U. S. 221, 225, and cases there cited.

For these reasons the judgment of the circuit court of appeals must be reversed and that of the district court dismissing the petition affirmed.

*It is so ordered.*