**LARMON et al. v. UNITED STATES.**

District Court, W. D. Kentucky, at Bowling Green. December 27, 1929.

Coleman Taylor, of Russellville, Ky., and Woodward, Hamilton & Hobson, of Louisville, Ky., for plaintiffs.

T. J. Sparks, U. S. Atty., and Frank A. Ropke, Asst. U. S. Atty., both of Louisville, Ky., Bayless L. Guffy, of Washington, D. C., and George E. Brown, Jr., of Louisville, Ky., for the United States.

DAWSON, District Judge. This is a suit to recover on a war risk insurance policy for the sum of $10,000, issued on May 26, 1918, to Henry Loving Larmon, who, at the time of its issue, was in the Navy of the United States, and who died as the result of pulmonary tuberculosis in January, 1922. The plaintiffs are the mother and the father of the deceased seaman.

The premiums on the policy were paid up to and including the 2d day of February, 1920, but no premiums were thereafter paid. The plaintiffs insist, however, that at the time of the death of Larmon the policy was still in force, by reason of the fact that under the World War Veterans' Act the deceased seaman had due him compensation uncollected, which, if applied to the payment of premiums as provided in section 305 of that act (38 USCA § 516), would have kept the policy in full force and effect. For the purpose of getting the benefit of section 305 of the act, application was made to the Director of the Veterans' Bureau to rate the deceased veteran for compensation purposes; it being contended that prior to the cessation of payment of the premiums on the policy, and at all times since that date up to his death, the seaman was entitled to such a rating for compensation purposes as would have kept the policy in force. The Director made the rating, but declined to rate him as suffering from a compensable disability prior to September 10, 1920. It was therefore held by the Director that the policy was not in force at the time of the death of the seaman.

Conceiving that the Supreme Court in the case of Silberschein v. United States, 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256, ruled that the action of the Director, in compensation ratings, may be attacked judicially, if wholly unsupported by the evidence, or is wholly dependent upon a question of law, or is clearly arbitrary or capricious, this court in this cause is asked to review the action of the Director upon the

ground that in denying to the deceased veteran the rating contended for, the Director's action was wholly unsupported by the evidence before him and was therefore arbitrary and capricious. Notwithstanding the intimation in the Silberschein Case, I am very much of the opinion that if this were a suit to recover compensation as such under the World War Veterans' Act, this court would have no jurisdiction, as I am satisfied that it was the intention of Congress to finally and conclusively vest in the Director the determination of whether or not a veteran is entitled to compensation under that act. I am confirmed in this opinion by the provision found in paragraph 20 of section 24 of the Judicial Code (28 USCA § 41(20), which denies District Courts jurisdiction to hear and determine claims for pensions. As a practical matter it is difficult to distinguish between so-called compensation under the World War Veterans' Act, and a "pension" as that word is used in the acts of Congress granting gratuities to the veterans of wars prior to the World War. This suit, however, is not a suit to recover compensation under the World War Veterans' Act. It is a suit to recover on an insurance policy, and the sole question is whether or not the policy had lapsed for nonpayment of premiums. To the extent of determining this question, I think I have jurisdiction to review the action of the Director, for the purpose of determining whether or not, in denying the deceased veteran compensable rating from the date of his discharge and from the date of cessation of the payment of premiums, he acted capriciously or arbitrarily. Of course, in such a review of the action of the Director I am confined to the evidence heard and considered by him. In such a situation, if the conclusion should be reached that the Director's action was wholly unsupported by the evidence and was arbitrary or capricious, the court's judgment would not be for the recovery of compensation to which the veteran would have been entitled under a proper rating, but would simply be that the policy is still in force.

A careful consideration of all the evidence heard and considered by the Director satisfies me that its overwhelming weight establishes that not only was the veteran suffering from a compensable disability at the time he was discharged from the Army and at the time he quit paying premiums on his policy, but that at those respective dates he was totally and permanently disabled. Notwithstanding this conviction of

mine, I do not think I can, within the meaning of the law, hold that the Director's action was wholly unsupported by the evidence. For this reason I do not feel justified in adjudging the policy still in force, upon the theory on which this case has been prepared, but I am so thoroughly convinced that a rank injustice has been done in this case that I deem it my duty to protect the rights of the beneficiaries of the policy sued on. This can be done by setting aside the order of submission and allowing the plaintiffs to plead, by amendment, that the policy had matured by reason of the fact that the deceased veteran, at the time he was discharged from the Army, and at the time he ceased payment of premiums, was then suffering from a total permanent disability. When this is done, the case can then be developed by proof directed to that question. I deem it not inappropriate to say that if the proof when thus developed is substantially that heard by the Director and reviewed by me, I shall have no hesitation in holding that the veteran was suffering from a total permanent disability at the times indicated.

When the amendment shall have been filed, the parties may, by stipulation, agree, if they so desire, that I may consider on the new issue the same evidence considered by the Director and reviewed by me, with such additional evidence as either desires to offer, or the evidence may be developed in the regular way.