## SMITH v. UNITED STATES.
### No. 3251.

Circuit Court of Appeals, Fourth Circuit.
April 12, 1932.

Holmes Hall, of Richmond, Va. (M. J. Fulton, of Richmond, Va., on the brief), for appellant.

William P. Boehmer and Alvah H. Martin, Asst. U. S. Atty., both of Norfolk, Va., for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and HAYES, District Judge.

PARKER, Circuit Judge.

This is an appeal from an order dismissing a suit filed under the Tucker Act, 28 USCA § 41 (20), by one P. A. L. Smith, Jr., committee of the estate of Thornton L. Davis, a veteran of the World War and a person of unsound mind. The petition alleged that compensation had been awarded Davis under a disability rating approved by the Veterans' Bureau; that there had accrued and become payable to him under such award the sum of $3,000 and accrued interest; that Davis was insane and was a patient at Southwestern State Hospital at Marion, Va.; that petitioner had been duly appointed committee of his estate and had furnished the Veterans' Bureau certificate of his qualification; and that petitioner had made demand for the amount due, which the government withheld and refused to pay to him. It concluded with a prayer for judgment against the United States for the amount due.

We think that the suit was properly dismissed. If petitioner is right in his contention that the award of the Veterans' Bureau fixed and determined the right of his ward to compensation, so that no discretion remained in the Director to withhold payment, as to which we express no opinion, his

remedy manifestly was not a suit against the United States to adjudicate a liability which had already been determined, but a suit against the Director of the Veterans' Bureau for a writ of mandamus to require him to perform his duty with respect thereto. Under the World War Veterans' Act (38 USCA § 421 et seq.), the adjudication of claims for disability compensation has been confided, not to the courts, but to the United States Veterans' Bureau; and the courts are given no power to control the exercise of the discretion vested in that Bureau. When, by virtue of its action, a person becomes entitled to money as of right under the law, nothing could be added to the right by the judgment of a court. The remedy of the party entitled is mandamus to require the officer charged with the duty of making payment to him to discharge the duty. U. S. ex rel. Dunlap v. Black, 128 U. S. 40, 9 S. Ct. 12, 32 L. Ed. 354; Decatur v. Paulding, 14 Pet. 497, 10 L. Ed. 559, 609; Kendall v. U. S., 12 Pet. 524, 9 L. Ed. 1181; Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60; Parish v. MacVeagh, 214 U. S. 124, 29 S. Ct. 556, 53 L. Ed. 936.

Petitioner concedes that no authority for the institution of this suit is to be found in the World War Veterans' Act, but contends that same is authorized by the general terms of the Tucker Act, which provides for suits against the United States in the District Courts when the amount demanded does not exceed $10,000. 28 USCA § 41 (20). This act expressly provides, however, that the District Courts shall not have jurisdiction "to hear and determine claims for pensions." And there can be no question but that a claim for disability compensation is a claim for a pension within the meaning of this provision. See Larmon v. U. S. (D. C.) 37 F.(2d) 584, 585; U. S. v. Hall, 98 U. S. 343, 350, 25 L. Ed. 180.

Petitioner contends that the inhibition of this statute applies only to suits to determine the right to a pension, and has no application where the right has been determined and the money is wrongfully withheld. The answer to this is that a claim for a pension does not cease to be such claim because of action in the Bureau determining claimant's right. If a suit be instituted to obtain judgment for the compensation claimed, there is no escaping the conclusion that it is a suit on a claim for a pension. The case of Williams v. U. S. (C. C. A. 3d) 23 F.(2d) 792, relied upon by petitioner, is not in point. That case involved, not a claim for a pension, but a claim under a compensation certificate which was held to be in effect an endowment life insurance policy. The suit was thus one on a contract entered into by the government.

Petitioner, so far as this question of procedure is concerned, is on the horns of a dilemma. If the action of the Bureau awarding compensation to Davis be regarded as vesting in petitioner a right to the amount awarded as a matter of law, all has been gained that could be gained by suit against the government, and the only remedy of petitioner is mandamus against the Director of the Bureau. If, on the other hand, the action of the Bureau be regarded as not vesting in petitioner as committee any right to the amount awarded, and it be necessary that further proceedings be had to determine his right thereto as against the contention of the Bureau that it has the right in its discretion to withhold the payment of same, then his suit unquestionably involves a claim for a pension, and jurisdiction to entertain same is expressly withheld from the District Court.

The order appealed from was correct, and same will be affirmed.

Affirmed.