Green, Judge,
delivered the opinion of the court:
The plaintiff, an honorably discharged enlisted man of the United States Army, brings this suit to recover money deducted from his pension on account of his board from May 7, 1922, to February 6, 1930, while he was an inmate of St. Elizabeths Hospital.
There is no dispute over the facts which, so far as necessary thereof to be considered in deciding this case, are hereinafter set forth.
Plaintiff enlisted in the United States Army on November 30, 1897, and served until January 25, 1907, under three enlistments, which included service in the Spanish-American War and the Philippine insurrection. At the completion of his enlistments he was honorably discharged. Afterwards he was indicted in the District of Columbia for assault with a dangerous weapon. He does not, however, appear to have been tried on this charge but was declared by a jury to be of unsound mind; and, pursuant to section 927 of the Code of the District of Columbia, the Secretary of the Interior ordered that he be confined in the Government Hospital for the Insane (now St. Elizabeths Hospital), and that if he be not indigent his estate be charged with the expense of his support in this institution. Accordingly he was admitted to this hospital on June 19, 1911. On April 25, 1930, he was discharged in the custody of his brother. The parties have stipulated that while plaintiff was confined in the hospital he was suffering from a neuropsychiatric ailment and was of unsound mind. Beginning with August 8,1921, the plaintiff was allowed a pension by the Government which was paid to the Superintendent of St. Elizabeths Hospital in accordance with law. When plaintiff was discharged there was to his credit on the books of the hospital $4,036 which had been paid by the Bureau of Pensions on his behalf. He was charged with $776.83 which had been advanced to him for clothing and cash, and $3,259.17 on account of board from May 7, 1922, to February 6, 1930, in accordance with the act of February 2,1909, and the Interior Department regulations made pursuant thereto. No objection is made to the deduc *406 tion on account of clothing and cash, but when discharged plaintiff protested against the refusal of the hospital to pay him the sum that had been deducted on account of his board, and the issue in the case is whether this sum was lawfully retained.
It is contended on behalf of the plaintiff that legislation subsequent to the act above referred to made this deduction illegal. This renders it necessary that we should consider the statutes upon which plaintiff bases his claim and the proceedings of the Veterans’ Bureau.
On June 23, 1930, an application was made on behalf of the plaintiff for an order from the Director of the Veterans’ Bureau authorizing and directing his hospitalization at said institution from the effective date of the World War Veterans’ Act, as amended by the act of June 1, 1924, to the date of his discharge, but the Bureau decided that as no previous application had theretofore been made for his hospitalization it had no opportunity to determine his right thereto, and as he had been discharged from the institution the question was moot, and there was no authority in law for the issuance of a retroactive order authorizing his hospitalization. On August 13, 1931, the Veterans’ Bureau certified that plaintiff was recognized as a veteran of the Spanish-American War within the meaning of section 202 (10) of the World War Veterans’ Act of 1924, as amended, and that he was entitled to receive hospital treatment, provided the requirements of said section regarding his physical condition at the time of the application for hospital admission were complied with. It should be noted in this connection that St. Elizabeths Hospital has never been and is not now under the control of the Veterans’ Administration, but the Veterans’ Administration has the right to and does make use of the facilities of this hospital for insane veterans. As bearing on his right to bring this suit it may be also noted that March 10, 1933, the plaintiff was duly adjudicated by the Supreme Court of the District of Columbia to be of sound mind.
The plaintiff having been duly awarded a pension, it appears to be the theory of his case as stated by counsel that all that is necessary to be shown on his behalf to entitle *407 him to a judgment is that he was suffering from an ailment which under the law entitled him to hospitalization and that he was hospitalized in a Government hospital. In support of this contention plaintiff relies upon that portion of section 202 (10) of the World War Veterans’ Act, 1924, as amended by section 9 of the act of July 2, 1926, which provides:
“ That the pension of a veteran entitled to hospitalization under this subdivision [section] shall not be subject to deduction while such veteran is hospitalized in any Government hospital, for board, maintenance, or any other purpose incident to hospitalization.”
In quoting this provision in their respective briefs, counsel for plaintiff and defendant do not exactly agree, plaintiff using the word “ section ” and defendant the word “ subdivision.” This, however, is only an apparent and not a real difference, being caused by the fact that plaintiff’s counsel quotes from the United States Code, which in some instances uses section numbers for what the statute has only numbered as a subdivision, and counsel for defendant uses the language of the statute itself.
As the case is stated on behalf of the plaintiff, it is a very simple one. He was duty awarded a pension as a veteran. The findings show that he was suffering from an ailment under which he could be hospitalized, and he was in fact hospitalized in a Government hospital. This, plaintiff contends, is all that is necessary under the statute to entitle him to a judgment, but as we view the case there are other matters to be considered, and first of all we must determine whether this court is authorized to consider the evidence with relation to his ailment and thereupon determine that he was entitled to hospitalization.
The World War Veterans’ Act, 1924 (43 Stat. 607), as amended by section 1 of the act of July 3, 1930 (46 Stat. 991, U.S.C., Title 38, c. 10, sec. 426), provides:
“Seo. 5. The director, subject to the general direction of the President, shall administer, execute, and enforce the provisions of this act, and for that purpose shall have full power and authority to make rules and regulations, not inconsistent with the provisions of this act, which are neces *408 sary or appropriate to carry out its purposes, and shall decide all questions arising under this act; and all decisions of questions of fact and law affecting any claimant to the benefits of Titles II, III, or IV of this act shall be conclusive, except as otherwise provided herein.”
This provision has been held to commit to the Director of the Bureau the duty and authority of administering its provisions and deciding all questions under it and that his decision is conclusive and not subject to judicial review except under circumstances not necessary to mention here. See Silberschein v. United States, 266 U.S. 221, 225, and United States v. Williams, 278 U.S. 255, wherein it is said with reference to a similar provision that “ exclusive authority is vested in the Director of the Bureau to entertain and pass upon all claims for payment of these certificates ” (for adjusted compensation). [Italics ours.]
If, in some other case, a veteran who unquestionably was suffering from some ailment which the statute specified as a cause for hospitalization began an action in a Federal court of general jurisdiction ashing that he be granted hospitalization, we think the court would not hesitate to declare that it had no jurisdiction of the matter.
In our opinion, the same rule applies to the case at bar as in the hypothetical case above stated. While the statute specifies certain physical ailments as a cause for hospitalization of a veteran, we think that for the purpose of applying the World War Veterans’ Act no court is authorized to consider the fact of their existence and therefrom decide that he is entitled to hospitalization under the act. This we think is true no matter how obvious the fact may be. The Director of the Bureau, as we construe the law, alone is authorized to determine the facts or institute proceedings for the determination thereof, and order the hospitalization of the veteran or certify to his right thereto. As recited above, no application was made to the Director of the Bureau until after plaintiff’s discharge from the hospital, and no decision was made by the Director as to his right to hospitalization during the period in question. Under the provisions of the statute and the facts in the case, we think this court is not authorized to determine whether plaintiff was entitled to *409 hospitalization during the period he was an inmate of St. Elizabeths Hospital, or to entertain a case which depends upon a determination of that matter and pass upon the question so involved.
It is also urged on behalf of defendant that conceding, for the purposes of the argument, that the plaintiff was entitled to hospitalization during the period in question, the provisions of the statute with reference to deductions for board have no application under the facts of this case. As we have already shown, the provision upon which plaintiff relies is found in subdivision 10 of section 202 of the World War Veterans’ Act, as amended, and applies only when a veteran is “ entitled to hospitalization under this subdivision.” The subdivision begins with the provision that “ all hospital facilities under the control and jurisdiction of the Bureau shall be available for every honorably discharged veteran of the Spanish-American War, the Philippine insurrection ”, etc., suffering from neuropsychiatric ailments, and it is further provided that the Director is authorized, so far as the Government facilities permit, to furnish such hospitalization. The contention is made on behalf of the defendant that the subdivision applies only to hospital facilities under the control and jurisdiction of the Bureau. The question raised is not free from doubt but we are inclined to think that this is the proper construction of the act and that it was not intended to apply to hospitals like St. Elizabeths which are not under the control of the Bureau.
It is further contended on behalf of the defendant that in no event can plaintiff make any claim on account of the deduction of pension money before July 2, 1926, which was the time that the section under which he claims was enacted, but under our holding on the principal issue in the case it is not necessary to determine the question thus raised.
It follows that the plaintiff’s petition must be dismissed. It is so ordered.
Whaley, Judge, and Williams, Judge, concur.
Littleton, Jtidge, and Booth, Chief Justice, dissent.