## UNITED STATES v. DISMUKE.*

### No. 7675.

Circuit Court of Appeals, Fifth Circuit.

April 19, 1935.

FOSTER, Circuit Judge, dissenting.

————◆————

William S. Ward, Atty., Department of Justice, of Washington, D. C., Geo. C. Sweeney, Asst. Atty. Gen., and T. Hoyt Davis, U. S. Atty., and H. G. Rawls, Asst. U. S. Atty., both of Macon, Ga.

W. A. Bootle, of Macon, Ga., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was brought under the Tucker Act (28 USCA § 41 (20), to recover amounts claimed to be due plaintiff for accrued monthly installments on a civil service annuity under chapter 101, § 8 (a), Act of June 16, 1933, 48 Stat. 305, USCA, title 5, § 692d, and for a declaratory judgment as to future installments.[1]

The complaint was that, though plaintiff had made his application as required, and had complied with all the other requirements of the statutes, his claim had been wrongfully and arbitrarily rejected on the ground that he did not render thirty years of allowable service, because his service as field deputy marshal from December 16, 1895 to April 30, 1902, could not count as allowable service as "field deputy marshals are regarded as employees of the marshal and not of the United States." The United States, insisting that the determination of any right or claim plaintiff may have has been exclusively remitted to administrative discretion and action, and that no consent to sue in respect of it has been given, objected to the jurisdiction of the court. It insisted, too, that, if there was jurisdiction

---

[1] "§ 692d *Involuntary Separation.* (a) Whenever at any time hereafter prior to July 1, 1935, any employee of the United States or the District of Columbia to whom this chapter applies, who has an aggregate period of service of at least thirty years computed as prescribed in section 695a of this chapter is involuntarily separated from the service for reasons other than his misconduct, such employee shall be entitled to an annuity computed as provided in section 694a of this chapter payable from the civil service retirement and disability fund less a sum equal to 3½ per centum of such annuity: Provided, That when an annuitant hereunder attains the age which would

have been the retirement age prescribed for automatic separation from the service applicable to such annuitant had he continued in the service to such retirement age, such deduction from the annuity shall cease. If and when any such annuitant shall be reemployed in the service of the District of Columbia or the United States (including any corporation the majority of the stock of which is owned by the United States), the right to the annuity provided by this section shall cease and the subsequent annuity rights of such person shall be determined in accordance with the applicable provisions of retirement law existing at the time of the subsequent separation of such person from the service."

*Rehearing denied — F.(2d) —.

to consider the claim, it ought to be reject-ed, because the administrative adjudication of it was right. The District Judge thought the claim justiciable under the Tucker Act. He tried it under that act, and awarded plaintiff the judgment he sued for, not only a money judgment for the installments he claimed had accrued, but a declaratory judgment establishing his right to future installments. This appeal attacks the jurisdiction of the court to render any judgment. It attacks its jurisdiction to render a declaratory judgment in a proceeding under the Tucker Act. It attacks the judgment as erroneous on the merits, if rendered with jurisdiction, because it allowed plaintiff to compute, as part of the necessary thirty years, the seven years he served as deputy field marshal.

 We think it clear that the jurisdictional points are well taken. The District Court of the United States as to claims under the Tucker Act sits as a special tribunal exercising jurisdiction concurrent with the Court of Claims. U. S. v. Pfitsch, 256 U. S. 547, 41 S. Ct. 569, 65 L. Ed. 1084. When so sitting, it sits only to hear claims for actual damages on money demands. Perry v. U. S., 55 S. Ct. 432, 79 L. Ed. ——; Eugene Nortz v. U. S., 55 S. Ct. 428, 79 L. Ed. ——; Grant v. U. S., 7 Wall. 331, 19 L. Ed. 194; Marion & Rye V. R, Co. v. U. S., 270 U. S. 280, 46 S. Ct. 253, 70 L. Ed. 585. Demands, with certain named exceptions, founded upon the Constitution and laws of the United States, upon a regulation of an executive department, or any contract, express or implied, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, of equity, or of admiralty, if the United States were suable.

The United States argues that whether the civil service retirement annuity plaintiff is suing for be regarded as contractual, as providing for insurance benefits, or gratuitous, as part of a pension scheme, whether it be regarded as founded on a law of Congress, or upon a regulation of an executive department, it is perfectly plain from the whole structure of the plan "for the retirement of civil service employes" and the provisions of the acts putting it into effect that no suable right is granted by those acts, but, on the contrary, their operation and application is a matter of administrative discretion and action, which may not be interfered with or controlled by court action. In short, that such

claim or right as these statutes give is not a suable right, but one for administrative determination. It argues that such a claim stands as do applications for reinstatement of lapsed policies under the World War Veterans' Act (43 Stat. 607), Meadows v. U. S., 281 U. S. 271, 50 S. Ct. 279, 74 L. Ed. 852, 73 A. L. R. 310; claims to review special assessments of war and excess profits taxes, Williamsport Wire Rope Co. v. U. S., 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985; claims for additional compensation for transportation; U. S. v. Atchison, Topeka & Santa Fe R. Co., 249 U. S. 451, 39 S. Ct. 325, 63 L. Ed. 703; and claims in compensation cases, Silberschein v. U. S., 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256; U. S. v. Williams, 278 U. S. 255, 49 S. Ct. 97, 73 L. Ed. 314, and as those stood under the Act of March 3, 1885 (23 Stat. 350), providing compensation for losses of personal property suffered by officers in the Army, U. S. v. Babcock, 250 U. S. 328, 39 S. Ct. 464, 63 L. Ed. 1011, entitled to purely administrative remedies to the exclusion of the courts. It argues that a consideration of the retirement legislation leaves no doubt of the congressional intent to commit its administration to the executive processes and officers the act names.

Beginning in 1920, the Congress instituted a complete administrative plan for the retirement on pay of civil service employees. This plan prescribes who should be eligible, fixed classes and the amounts applicable to each class. Provision is made for a deduction from the basic salary of each employee covered by the act, in accordance with the procedure prescribed by the Comptroller General to be deposited in the Treasury "to the credit of the civil service retirement disability fund." Provision is made, too, for crediting these deductions to the employee's individual account, and for the repayment of such amounts under certain conditions. Section 703a, USCA, title 5, provides that applications for annuities shall be in such form as the Commissioner of Pensions prescribes, and shall be supported by certificate from the head of the department in which the applicant has been employed. Section 717, USCA, title 5, provides: "Upon receipt of satisfactory evidence the Commissioner of Pensions shall forthwith adjudicate the claim of the applicant, and if title to annuity be established, a proper certificate shall be issued to the annuitant under the seal of the Department of the Interior." There is a provision, too, that any employee coming

within the provisions of the Retirement Act shall be deemed to consent and agree to the deductions from his salary, and that payment of the salary less such deductions shall be an acquittance of all claims and demands for all regular services, except the right to the benefits which they may be entitled to under the Retirement Act. It is provided that the Civil Service Commission shall keep such record of appointments, transfers, etc., as may be deemed essential to the proper determination of rights under the Retirement Act, and shall furnish the Commissioner of Pensions such reports therefrom as he shall from time to time request as necessary to the proper adjustment of any claim for annuity. Provision is made for the appointment by the Commissioner of Pensions with the approval of the Secretary of the Interior, of three actuaries, to recommend to the Commissioner of Pensions such changes as may be from time to time necessary to protect the public interest and maintain the system on a sound financial basis, and to prepare tables for the Commissioner of Pensions for the purpose of computing annuities. By section 708a, title 5 USCA, it is provided that none of the moneys mentioned in any of the sections of the Retirement Act shall be assignable, either in law or equity, or be subject to execution, levy, or attachment, garnishment, or other legal process. Section 693a, title 5 USCA, specifying who are eligible employees, provides: "These groups shall include only those employees whose tenure of employment is not intermittent nor of uncertain duration." Section 707a, title 5 USCA, provides: "For the purpose of administration, except as otherwise provided herein, the Commissioner of Pensions, under the direction of the Secretary of the Interior, be, and is hereby, authorized and directed to perform, or cause to be performed, any and all acts and to make such rules and regulations as may be necessary and proper for the purpose of carrying the provisions of sections 691a to 708a of the Act [title] into full force and effect. An appeal to the Secretary of the Interior shall lie from the final action or order of the Commissioner of Pensions affecting the rights or interests of any person or of the United States under said sections, the procedure on appeal to be as prescribed by the Commissioner of Pensions, with the approval of the Secretary of the Interior." In addition, this section requires that the Commissioner of Pensions make a detailed comparative report annually as to receipts, disbursements, and annuities, and that the Secretary of the Interior shall submit annually to the Bureau of the Budget estimates of the appropriation necessary to finance the retirement disability fund and to continue the said sections in full force and effect.

Appellee insists that by the Tucker Act Congress has given its consent generally that the United States be sued in all cases of this kind, and that no restriction upon the right to sue can be spelled out of the elaborate provisions for the setting up and administration of this plan. He argues that the provisions for deductions from their salaries and the other general provisions of the act indicate an intent to create a contractual right entitling claimants to the judgment of a court. He argues, too, that, even if it be considered that Congress has remitted, whether he is entitled to the annuity he claims, to the primary determination of administrative officers, and he would have no right of suit to control or compel their discretionary action, U. S. v. Black, 128 U. S. 40, 9 S. Ct. 12, 32 L. Ed. 354; Work v. U. S. ex rel. Rives, 267 U. S. 175, 45 S. Ct. 252, 69 L. Ed. 561; U. S. v. Williams, 278 U. S. 255, 49 S. Ct. 97, 73 L. Ed. 314, there is no question of discretion involved here. The facts, he says, are admitted, the failure to act on those admitted facts is the failure to take that nondiscretionary action which may be controlled by court order. Medbury v. U. S., 173 U. S. 492, 19 S. Ct. 503, 43 L. Ed. 779; McLean v. U. S., 226 U. S. 374, 33 S. Ct. 122, 57 L. Ed. 260; U. S. v. Loughlin, 249 U. S. 440, 442, 39 S. Ct. 340, 63 L. Ed. 696.

We cannot agree with appellee that he may sue upon his claim. We think the legislation shows, in the clearest kind of way, an intent to provide a general plan to be exclusively administered by those the statutes place in charge of it, an intent to provide only an administrative remedy; that such claims are intended to be, as far as their suability as claims is concerned, entirely withdrawn from court action. The fact that no other instance of an attempt to control the administration of this plan and the fund provided by it by court action made during the fifteen years the plan has been in existence has been cited to us tends, we think, to further support this view. Whether one whose right to an annuity certificate has been favorably adjudicated by the Commissioner may have mandamus to compel its issuance to him, or one to whom

such a certificate has been issued may, by mandamus, compel the payment to him of the moneys for which his certificate calls, Smith v. U. S. (C. C. A.) 57 F.(2d) 998, or whether these claims are entirely withdrawn from judicial action as are decisions rendered by the administrator of veterans' affairs under the Act of March 20, 1933, c. 3, 48 Stats. 8 (38 USCA § 701 et seq.), Lynch v. U. S., 292 U. S. 571, 587, 54 S. Ct. 840, 78 L. Ed. 1434, is not before us. This is a suit against the United States, and not a mandamus suit against an officer. Besides, we think it quite clear that there are matters, not of law, but of administrative discretion in applying the act, involved in determining the right of one claiming an annuity under the plan which have not been resolved in plaintiff's favor and the resolution of which may not be controlled by court action. The suit should have been dismissed.

The judgment is reversed, and the cause is remanded, with directions to dismiss the claim.

FOSTER, Circuit Judge, dissents.