**SWIFT & CO. v. UNITED STATES.**

No. 45324.

Court of Claims.

May 5, 1941.

W. Parker Jones, of Washington, D. C. (James W. Jones, of Washington, D. C., on the brief), for plaintiff.

Hubert L. Will, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

This is a suit by an exporter who was also the processor to recover processing taxes on goods subsequently exported. It comes before us on defendant's motion to dismiss on the ground that this court is without jurisdiction.

In Wilson & Co. v. United States, 30 F. Supp. 672, 90 Ct.Cl. 131; Id., 311 U.S. 104, 61 S.Ct. 120, 121, 85 L.Ed. ——, we held that an exporter was entitled to a drawback of the processing taxes paid, although it was also the processor; but that, under the facts of that case, its sole remedy was before the Commissioner of Internal Revenue, and that this court did not have jurisdiction to review the Commissioner's determination. This was because of the provisions of section 601 (e) of Title IV of the Act of June 22, 1936, 49 Stat. 1648, 1740, 7 U.S.C.A. § 641(e), which reads: "The

determination of the Commissioner of Internal Revenue with respect to any refund under this section shall be final and no court shall have jurisdiction to review such determination." The Supreme Court agreed with us that we did not have jurisdiction.

That case and this case, however, are distinguishable in this: In the Wilson case it did not appear for what reason the Commissioner had disallowed the claim, whereas in this case it appears it was because he construed the Revenue Act of 1936 to deny the draw-back to an exporter who was also the processor. The plaintiff says that Congress did not intend by section 601 (e) to deprive the courts of jurisdiction to review questions of law. It says the Commissioner's determination is final only as to questions of fact, and that even as to such questions it is subject to review by the courts if arbitrary or capricious, or supported by no evidence. This is the issue presented.

In the Wilson case the Supreme Court did not pass on this issue; nor did we. The Supreme Court said: "Petitioners contend that Congress intended to commit to the final determination of the Commissioner only 'such matters as findings of fact, computations, and the like'. Quite apart from the fact that in Section 601 (d) Congress uses virtually the quoted words in limiting review by administrative officers, we fail to see how the argument can aid petitioners here because the record does not show why their claims were denied. Since the record is silent on this point, such decisions as United States v. Williams, 278 U.S. 255, 49 S.Ct. 97, 73 L.Ed. 314, and Silberschein v. United States, 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256, are plainly distinguishable."

██ Except for section 601 (e), it is clear that this court would have jurisdiction to determine the plaintiff's right to recover, because that right is "founded upon a law of Congress," to wit, section 17 (a) of the Agricultural Adjustment Act, 48 Stat. 31, as amended, 7 U.S.C.A. § 617(a). Sec. 145 of Judicial Code, 28 U.S.C.A. § 250; United States v. Laughlin, 249 U.S. 440, 39 S.Ct. 340, 63 L.Ed. 696; Dismuke v. United States, 297 U.S. 167, 169, 56 S.Ct. 400, 80 L.Ed. 561. Nor will this section be construed to deprive the courts of jurisdiction unless the evidence of such an intention on the part of Congress is inescapable.

In United States v. Laughlin, supra, suit was brought under section 2 of the act of March 26, 1908, 35 Stat. 48, 43 U.S.C.A. § 96, for an alleged excess payment for public lands. This section reads: "That in all cases *where it shall appear to the satisfaction of the Secretary of the Interior* that any person has heretofore or shall hereafter make any payments to the United States under the public land laws in excess of the amount he was lawfully required to pay under such laws, such excess shall be repaid to such person or to his legal representatives. [Italics ours.]" The Government contended that under this section the decision of whether or not there had been paid an amount in excess of the lawfully required amount was committed to the exclusive jurisdiction of the Secretary of the Interior. This contention was rejected by the court. It said: "* * * In our view it was the intent of Congress that the Secretary should have exclusive jurisdiction only to determine disputed questions of fact, and that, as in other administrative matters, his decision upon questions of law should be reviewable by the courts. In the case before us the facts were not and are not in dispute and were shown to the Secretary's satisfaction; whether, as matter of law, they made a case of excess payment, entitling claimant to repayment under the Act of 1908, was a matter properly within the jurisdiction of the Court of Claims. See Medbury v. United States, 173 U.S. 492, 497, 498, 19 S.Ct. 503, 43 L.Ed. 779; McLean v. United States, 226 U.S. 374, 378, 33 S.Ct. 122, 57 L.Ed. 260; United States v. Hvoslef, 237 U.S. 1, 10, 35 S.Ct. 459, 59 L.Ed. 813, Ann.Cas.1916A, 286."

The case of United States v. Williams, 278 U.S. 255, 49 S.Ct. 97, 98, 73 L.Ed. 314, involved the right of the court to review the action of the Director of the Veterans' Bureau on a claimant's rights under an adjusted-compensation certificate. The court quoted the provisions of section 310 of the Act, 38 U.S.C.A. § 620, which made the decisions of the administrative officers "final and conclusive," but it intimated that if they were wholly dependent on a question of law, they might be reviewed by the courts. It said: "* * * The record does not disclose the basis for his action; but, whatever it may have been, his decision is final, at least unless it be wholly without evidential support or wholly dependent upon a question of law or clearly arbitrary or capricious. Silberschein v. United States, 266 U.S. 221, 225, 45 S.Ct. 69, 69 L.Ed. 256, and cases there cited."

In Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 403, 80 L.Ed. 561, the court had under consideration the question

of whether or not the decision of the Commissioner of Pensions on an employee's rights under the Retirement Act, 5 U.S.C.A. § 691 et seq., was subject to review by the courts. The court recognized that the United States was not bound to provide a remedy in the courts for enforcement of claims against it and that it might afford a claimant only an administrative remedy; "but," it said:

"In the absence of compelling language, resort to the courts to assert a right which the statute creates will be deemed to be curtailed only so far as authority to decide is given to the administrative officer. If the statutory benefit is to be allowed only in his discretion, the courts will not substitute their discretion for his. Williamsport Wire Rope Co. v. United States, 277 U.S. 551, 48 S.Ct. 587, 72 L.Ed. 985; United States v. Atchison, T. & S. F. Ry. Co., 249 U.S. 451, 454, 39 S.Ct. 325, 63 L.Ed. 703; [Ness v. Fisher] United States v. Fisher, 223 U.S. 683, 32 S.Ct. 356, 56 L.Ed. 610. If he is authorized to determine questions of fact, his decision must be accepted unless he exceeds his authority by making a determination which is arbitrary or capricious or unsupported by evidence, see Silberschein v. United States, 266 U.S. 221, 225, 45 S.Ct. 69, 69 L.Ed. 256; United States v. Williams, 278 U.S. 255, 257, 258, 49 S.Ct. 97, 73 L.Ed. 314; Meadows v. United States, 281 U.S. 271, 274, 50 S.Ct. 279, 74 L.Ed. 852, 73 A. L.R. 310; Degge v. Hitchcock, 229 U.S. 162, 171, 33 S.Ct. 639, 57 L.Ed. 1135; or by failing to follow a procedure which satisfies elementary standards of fairness and reasonableness essential to the due conduct of the proceeding which Congress has authorized. Lloyd Sabaudo Societa v. Elting, 287 U.S. 329, 330, 331, 53 S.Ct. 167, 77 L. Ed. 341. But the power of the administrative officer will not, in the absence of a plain command, be deemed to extend to the denial of a right which the statute creates, and to which the claimant, upon facts found or admitted by the administrative officer, is entitled. United States v. Laughlin, 249 U. S. 440, 443, 39 S.Ct. 340, 63 L.Ed. 696; United States v. Hvoslef, supra; McLean v. United States, supra, 226 U.S. 374, 378, 33 S.Ct. 122, 57 L.Ed. 260; United States ex rel. Parish v. MacVeagh, 214 U.S. 124, 29 S.Ct. 556, 53 L.Ed. 936; Medbury v. United States, supra, 173 U.S. 492, 497, 498, 19 S. Ct. 503, 43 L.Ed. 779; see Bates & Guild Co. v. Payne, 194 U.S. 106, 109, 110, 24 S. Ct. 595, 48 L.Ed. 894.

"The Commissioner is required by section 13, 'upon receipt of satisfactory evidence' of the character specified 'to adjudicate the claim.' This does not authorize denial of a claim if the undisputed facts establish its validity as a matter of law, or preclude the courts from ascertaining whether the conceded facts do so establish it. * * * The administrative decision thus turned upon a question of law, whether a field deputy marshal during the period from December 16, 1895, to December 30, 1902, was an employee of the United States. The administrative determination of that question is open to review in the present suit, and should have been considered and decided by the court below."

The Commissioner of Internal Revenue in the case now before us has denied the refund because he was of opinion that as a matter of law an exporter who was also a processor was not entitled to the refund under Title IV of the Revenue Act of 1936, 7 U.S.C.A. § 641 et seq., but we held in Wilson & Co. v. United States, 30 F.Supp. 672, 90 Ct.Cl. 131, that an exporter was entitled to the refund under this title, notwithstanding the fact that he was also the processor. Therefore, to paraphrase the Supreme Court's language, the Commissioner has denied to the plaintiff a right which in our opinion the statute creates, and to which the plaintiff upon the facts set out in its petition is entitled. The Supreme Court says that it will not be deemed that the administrative officer had such power, "in the absence of a plain command." Is that "plain command" found in section 601 (e) of the Revenue Act of 1936?

This section does not say in so many words that no court shall have jurisdiction to review his determination, whether that determination be on a question of law or not. On the other hand, the finality of his determination is not limited to findings of fact. In the preceding subsection, sec. 601 (d), dealing with review of his decisions by administrative or accounting officers, Congress expressly said that the Commissioner's determination should not be reviewed by them, whether those determinations were of facts, were mathematical calculations, or were on the merits. In dealing with review by the courts, Congress was not so explicit, but it did say, "no court shall have jurisdiction to review such determination," and no exception was made to this denial of jurisdiction.

■ Courts are loath, as the Supreme Court said in the Dismuke case, to ascribe to Congress an intention to clothe an administrative officer with uncontrolled authority to adjudicate a claim, even to the point of denying a claimant a right against the Government given to him by law. Such power is not given even to the courts; their decisions are always subject to review. But there can be no doubt of Congress' power to do so. It need not afford a claimant any remedy, except his constitutional right to petition Congress for redress of his grievances. A fortiori, it can confine his remedy to the forum of an administrative tribunal or officer.

We have come reluctantly to the conclusion that this was Congress' intention in the enactment of this Act. The report of the House Committee on this bill sets out its justification of "the withdrawal of any right to judicial review of the determinations of the Commissioner." It reads: "Section 601 (e) makes the determination of the Commissioner of Internal Revenue with respect to any refund under this section final and not subject to judicial review, and section 601 (f) disallows any claim for interest with respect to claims for refund made under this section. It is the opinion of your committee that, while provision for the relief of claimants in the cases covered by this section should be made, the fact that the refunds will be made to persons other than those who paid or were liable for payment of the tax under the Agricultural Adjustment Act, as amended, and the present doubt as to the legal status of these claims warrants the disallowance of interest and the withdrawal of any right to judicial review of the determinations of the Commissioner."

With reference to an identical provision relating to the floor stocks tax, section 602 (i), 7 U.S.C.A. § 642(i), the Committee said: "Section 602 (i) makes the determination of the Commissioner with respect to any payment under this section final and not subject to judicial review. Section 602 (j) denies any allowance of interest in connection with payments made under this section. Since the section is purely remedial and provides a form of relief which, however justifiable as a matter of equity and sound policy, is not required by law, your committee is of the opinion that both provisions are warranted by considerations of administrative convenience and economy and the prevention of unnecessary litigation."

■ Moreover, Congress expressly provided for judicial review under Title VII, 7 U.S.C.A. § 644 et seq., where the processor sought to recover processing taxes. By section 906 (b) under this title there was created a Board of Review clothed with jurisdiction to review the allowance or disallowance by the Commissioner of a claim for refund. The Board was required to make findings of fact and to act upon the claim. A review of its decisions by the Circuit Courts of Appeal was provided for. Such courts were given authority to affirm, modify, or reverse its decision, "if it is not in accordance with law." Under well known rules of the Circuit Courts of Appeal the Board's findings of fact are conclusive, if there is any substantial evidence to support them.

■ Having expressly provided for review of the Commissioner's determinations on questions of law involved in a claim for refund filed by a processor under Title VII, and having expressly denied to all courts jurisdiction to review his determinations on a claim by an exporter, or by one claiming a refund of floor stock taxes, without making any exception to this denial of jurisdiction, it must be concluded Congress meant to deny jurisdiction to the courts for all purposes.

We are, accordingly, forced to the conclusion that we have no jurisdiction to review the Commissioner's determination.

The petition must be dismissed. It is so ordered.