## KENNEDY v. UNITED STATES.

### Civ. No. 1118.

District Court, S. D. Texas, Houston Division.

Feb. 24, 1944.

Croom & Croom, of Houston, Tex., for plaintiff.

Douglas W. McGregor, U. S. Atty., and Miles L. Moss, Asst. U. S. Atty., both of Houston, Tex., for defendant.

KENNERLY, District Judge.

For some months prior to January 15, 1943, plaintiff was employed as Junior Instructor of Shop Mathematics at Ellington Field, Texas, in this District and Division. He alleges that he was summarily discharged on January 15, 1943. He prays that the order of his discharge be declared void and of no effect, and that defendant, through its proper agency, be required to reinstate him, and that he have judgment for $633.33 damages, which he says he has sustained, and the further sum of $66.66 for each month subsequent to the filing of suit and until he is reinstated.

Plaintiff says his suit is brought under Subdivision 20 of Section 41, Title 28 U.S. C.A., which gives a District Court of the United States jurisdiction of certain claims against the Government not exceeding $10,-000.

Among other defenses, the Government brings forward the claim that plaintiff is an officer of the United States within the meaning of Subdivision 20, and that such subdivision does not give District Courts jurisdiction of suits brought to recover fees, salary, or compensation for official services of officers of the United States.

The Government also says that such subdivision has no application to plaintiff's suit to be reinstated.

The Government has moved to dismiss, and the parties have stipulated the facts, so that the motion to dismiss is more akin to a motion for summary judgment. The facts stipulated are as follows:

"It is hereby stipulated and agreed by and between Oscar E. Kennedy, Plaintiff, acting through his attorneys of record, and the United States of America, Defendant, acting through its attorney, the Honorable Douglas W. McGregor, that the following are the facts concerning the manner and method of the appointment of the plaintiff herein, as set forth in paragraph 3 of plaintiff's complaint:

"During the early part of 1941 the plaintiff herein, Oscar E. Kennedy, saw a notice on the bulletin board at the main Post Office in the City of Houston, Harris County, Texas, announcing the holding of a 'nation-wide, unassembled competitive Civil Service examination' for the position of assistant supervisor of education, Juvenile Training School, Department of Justice. The plaintiff then obtained a blank form from the Civil Service office in the Post Office Building, filled said form in on or about April 1, 1941, and transmitted same to the Civil Service Commission, Washington, D. C.

"In October, 1941, the plaintiff received notice from the Civil Service Commission in Washington, D. C. to the effect that he had successfully passed the examination and was eligible for an appointment. All of the applicants who had filled in the examination form were rated and graded.

"In December, 1941, the United States entered the war, and shortly thereafter, and because of his qualifications as set forth in the above application and examination, the Civil Service Commission certified this plaintiff's name, along with others, to the 8th Congressional District as being suitable for the position of Junior Instructor of Mathematics.

"Upon receipt of this certification by Ellington Field, Texas, a United States Army Post, and which certification was in response to a request by the authorities at Ellington Field, Texas, to the Civil Service Commission for instructors, Capt. A. P. Young, Director of the Ground School, Preflight, Ellington Field, Texas, notified Kennedy by telephone to appear at his office at Ellington Field for an interview, stating that he, Kennedy, had been certified to them as a qualified instructor of mathematics.

"Immediately upon receipt of the notice from Capt. Young, as aforementioned, plaintiff herein contacted the said Capt. Young for an interview, which interview took place on February 27, 1942. After a short interview, Capt. Young advised the plaintiff that the position of Junior Instructor of Mathematics was available to plaintiff, and plaintiff indicated his willingness to accept appointment to said position. A physical examination was taken the same day and upon request from Capt. Young, Kennedy reported for active duty the following morning, February 28, 1942. Shortly thereafter, Capt. Young filled out printed forms notifying the United States Civil Service Commission and the United States War Department that the plaintiff had been appointed to fill the position of Junior Instructor of Mathematics at Ellington Field, Texas.

"The plaintiff was placed under the supervision of Second Lieutenant Harris G. Lyman, and entered upon the performance of his duties as Junior Instructor (Shop Mathematics).

"The 'Manual of Standard Field Classification Sheets, Army Air Forces at Large', issued by the War Department, and distributed by the Commanding General, Army Air Forces, at all relevant times, prescribed the duties of the position of Junior Instructor (Shop Mathematics) as follows:

" 'Supervision Received: Under immediate supervision.

" 'Supervision Exercised: None.

" 'Major Duties: Instructs officers and enlisted men of the U. S. Army, Air Corps, National Guard, or Reserves in the principles of fractions, decimals, square root, and in the use of formulas and shop trigonometry; and/or instructs students by correspondence in the principles of fractions, decimals, square root, the use of formulas and applied Air Corps problems, also shop trigonometry; prepares lessons, tests and examinations, suitable for instruction by correspondence.

" 'Minor Additional Duties: Performs other related duties as required.'

"The laws authorizing the position to which plaintiff was appointed and appropriating funds for the payment of salary therefor are the Military Appropriation Acts for the fiscal years ending June 30, 1943 and June 30, 1944, respectively, (Act of July 2, 1942, Chap. 477, Public Law 649, 77th Congress, 2nd Session, 56 Stat. 611, 619; and Act of July 1, 1943, Chap. 185, Public Law 108, 78th Congress, 1st session [57 Stat. 347]).

"Thereafter, on or about the 1st of June, 1942, the plaintiff received a certain con-

firmation of appointment, the form being all in print, including the signature 'John W. Martyn' appearing thereon, except for typewritten fill-ins, a true copy of which confirmation of appointment is attached hereto as Exhibit 'A'."

Exhibit "A" attached to the stipulation is as follows:

"War Department
Office of the Secretary
Washington, D. C.
Notification of Personnel Action
Date: May 26, 1942

Name     Oscar E. Kennedy

This is to notify you of the following action concerning your employment:

Nature of Action: Confirmation of Probational Appointment.

Effective Date: February 28, 1942

| | From | To |
| --- | --- | --- |
| Position | | Junior Instructor, Shop Mathematics |
| Grade & Salary | | P–1 at $2000 p.a. |
| Bureau | | Air Corps at Large |
| Org. Unit | | |
| Station | | Ellington Field, Texas |
| Payroll | | |
| Departmental or Field | | Field |

Remarks:
Appointment made for a probationary period of six months. Retention in the service beyond the probationary six months shall be equivalent to absolute appointment.

This action is subject to the provisions on the reverse hereof, when applicable.

By order of the Secretary of War
(Signed)   John W. Martyn
Administrative Assistant."

1. I think plaintiff, Oscar E. Kennedy, is an Officer of the United States within the meaning of Subdivision 20 of Section 41, Title 28 U.S.C.A., and that this court does not have jurisdiction of this, his suit to recover so-called damages, but which is in fact a suit to recover fees, salary, and compensation for official services within the meaning of said subdivision. United States v. McCrory, 5 Cir., 91 F. 295; United States v. Hartwell, 6 Wall. 385, 386, 73 U.S. 385, 386, 18 L.Ed. 830; Callahan v. United States, 74 App.D.C. 281, 122 F.2d 216; Foshay v. United States, D.C., 54 F.2d 668; Baskins v. United States, D.C., 32 F.Supp. 518.

2. Plaintiff may not maintain here his suit to be reinstated. Lynn v. United States, 5 Cir., 110 F.2d 586; United States v. Dismuke, 5 Cir., 76 F.2d 715.

3. It is not necessary to pass upon the other questions presented.

Judgment will enter, dismissing plaintiff's suit for want of jurisdiction.