# UNITED STATES *v.* ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

### APPEAL FROM THE COURT OF CLAIMS.

No. 201.   Argued March 11, 12, 1919.—Decided April 14, 1919.

The Act of March 4, 1913, c. 143, 37 Stat. 791, 797, authorizing the Postmaster General to add, not exceeding 5 per cent. per annum, to the compensation of railroads, under certain pending contracts for transportation of mail, left the increases, within that limit, to his discretion; the plain import of the words used must control. P. 454.

52 Ct. Clms. 338; reversed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Brown,* with whom *Mr. Leonard Zeisler* was on the brief, for the United States.

*Mr. Alex. Britton,* with whom *Mr. Evans Browne* and *Mr. Francis W. Clements* were on the brief, for appellee, invoked the legislative history of the act to prove that an extra allowance of full 5 per cent. was intended, without giving any discretion to the Postmaster General to fix a smaller amount. This was so plain, especially if the act be taken as a whole and with others *in pari materia,* that it ought even to prevail against the letter of the enactment.   (1) *Blake* v. *National Banks,* 23 Wall. 307;

*Lapina* v. *Williams*, 232 U. S. 78; (2) *United States* v.
*Freeman*, 3 How. 556; *Brown* v. *Duchesne*, 19 How. 183;
(3) *Hawaii* v. *Mankichi*, 190 U. S. 197, 212; *Atkins* v.
*Disintegrating Co.*, 18 Wall. 272; *Heydenfeldt* v. *Daney
Gold Mining Co.*, 93 U. S. 634; *Holy Trinity Church* v.
*United States*, 143 U. S. 457.

In making this substituted provision, Congress used
language legally identical with that employed in the
basic statute fixing railway-mail rates, which language
for more than forty years has been construed as requiring
the payment by the Postmaster General of the rates
named in the statute which he was "not to exceed"—
from all of which the conclusion is irresistible that Con-
gress intended that the Act of March 4, 1913, should
operate the same as had the Act of March 3, 1873. *Wis-
consin Central R. R. Co.* v. *United States*, 164 U. S. 190,
205.

If any discretion was vested in the Postmaster General,
it was to fix a flat increase not exceeding 5 per cent. for
all routes. There appears no support for the theory that
he was to increase the pay of one route 2 per cent.,
another 4 per cent., and so on. In allowing 5 per cent.
increase to certain routes, the Postmaster General ex-
ercised whatever discretion was reserved to him, and
he was bound by the law to make an equal allowance
to all routes.

The method pursued by the Postmaster General of
fixing the percentage of increase was not a valid exercise
of discretion.

Memorandum opinion by MR. JUSTICE McREYNOLDS.

During 1910 and 1911 the appellee railway company
entered into customary arrangements with the Post Office
Department to carry mail over a number of routes for
quadrennial terms ending June 30, 1914, and 1915, com-

pensation to be based upon ascertained weights. While these were in force, by Act of August 24, 1912, c. 389, 37 Stat. 557, Congress directed establishment of the parcel post service without providing for any additional compensation on account of the large increase in weights which would surely follow.

The Postmaster General called attention to the matter January 20, 1913; and after much consideration the following clause was incorporated in the Act of March 4, 1913, c. 143, 37 Stat. 791, 797:

"That on account of the increased weight of mails resulting from the enactment of section eight of the Act of August twenty-fourth, nineteen hundred and twelve, . . . the Postmaster General is authorized to add to the compensation paid for transportation on railroad routes on and after July first, nineteen hundred and thirteen, for the remainder of the contract terms, not exceeding five per centum thereof per annum, excepting upon routes weighed since January first, nineteen hundred and thirteen, and to be readjusted from July first, nineteen hundred and thirteen, until otherwise provided by law."

Acting under this provision, the Postmaster General refused to allow increased compensation of five per centum upon all routes, but apportioned payments among them— never in excess of five per centum—according to a carefully worked out formula which he deemed appropriate. Appellee sued for the difference between amount actually received and what it would have received if five per centum had been added. Considering history of the legislation and intent of Congress supposed to be indicated thereby the Court of Claims held that the act "required the Postmaster General to add 5 per cent. to the compensation being paid on all of said routes, and he having failed to do so that the plaintiff is entitled to recover the difference sued for." 52 Ct. Clms. 338, 361.

We are unable to agree with this conclusion. The language of the enactment is clear and we think it vested in the Postmaster General a discretion which, so far as shown by the record, has not been abused. We are not unmindful of the burden imposed upon appellee nor of the circumstances which lend color to a different conclusion; but these are not sufficient to justify a disregard of the plain import of the words which Congress deliberately adopted.

The judgment below must be reversed and the cause remanded with direction to dismiss the petition.

*Reversed and remanded.*