ORDER.
This case coming on to be heard was submitted upon the demurrer of the defendant to the plaintiff’s petition and the agument of counsel thereon. On consideration whereof the court is of opinion that the demurrer of the defendant is well taken. It is therefor adjudged and ordered by the court that the said demurrer be and it is sustained, and the plaintiff’s petition is dismissed.
Memorandum by the Court.
The claim of the plaintiff is not founded upon a contract, express or implied, nor has any act of Congress authorized the payment of the additional amount demanded by the plaintiff.
Congress authorized an increase in the compensation of the carriers .not exceeding five per centum on account of parcel post, and this fact negatives the idea that Congress meant or understood that an implied contract was created by the parcel post act.
It appears from the allegations of the petition that plaintiff voluntarily accepted and performed the service with knowledge of what it would receive, and it can not now claim an implied contract for a greater sum.
See New York, New Haven & Hartford R. R. Co. Case, 251 U. S., 123, 127; 53 C. Cls., 222, 227, 236; Delaware, Lackawanna & Western R. R. Co. Case, 249 U. S., 385; Atchison, Topeka & Santa Fe Ry. Co. Case, 249 U. S., 451; Mail Divisor Cases, 251 U. S., 326, 328, 339; 53 C. Cls., 258.