## VAN SMITH BLDG. MATERIAL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3005.

Circuit Court of Appeals, Fourth Circuit.

Oct. 21, 1930.

James B. Grice, of Washington, D. C., for petitioner.

Randolph C. Shaw, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Attorney Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Dean P. Kimball, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER and NORTHCOTT, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal from a decision of the Board of Tax Appeals determining a deficiency in income and profits tax for the calendar year 1921, against the petitioner Van Smith Building Material Company, a South Carolina corporation, in the sum of $1,387.-94. The Commissioner of Internal Revenue determined said deficiency on July 12, 1926, and, on petition to review, the Board of Tax Appeals sustained the action of the Commissioner by order entered June 5, 1929.

During the year 1921, the petitioner had funds on deposit subject to check in the Enterprise Bank of Charleston, S. C. On November 1, 1921, this deposit amounted to $3,461.88, and on that day the bank was closed by order of its officials and placed in charge of the state banking department. A plan was worked out by the banking department for the reorganization and reopening of the bank. All depositors were to agree to the reopening and were not to withdraw their deposits for the period of one year and were to take no steps to force liquidation during that period. Practically all the depositors, numbering about eleven thousand, and including the petitioner, agreed to the plan, and the bank reopened on December 1, 1921, and continued open and in business until November 1, 1922. Petitioner made new deposits in the bank after the reopening and withdrew them without loss. Dividends have been paid to the depositors, beginning in the year 1923, amounting to about 15 per cent., and the liquidation of the bank was still in process at the time of the hearing before the Commissioner.

The president of petitioner, after investigation, concluded that petitioner's deposit was a total loss and worthless, and charged off the entire amount of the deposit as a loss for the year 1921. As the liquidating dividends were received they were returned by petitioner as income in the years in which they were received.

The Commissioner refused to allow the deposit to be charged as a loss for the year 1921, but did allow it as a deduction for the year 1922, when the bank was finally closed.

The single question presented is whether the petitioner is entitled to take as a deduction from its gross income for 1921, to arrive at net taxable income, an amount of $3,461.-88, or any part of it, representing a deposit owed to the petitioner by the Enterprise Bank of Charleston when that bank first closed in 1921.

The Revenue Act of 1921, 42 Stat. 252, 254, provides:

"Sec. 234(a). That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * * (4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, unless, in order to clearly reflect the income, the loss should in the opinion of the Commissioner be accounted for as of a different period. * * * (5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part. * * *"

"Sec. 230. That * * * there shall be levied, collected, and paid for each taxable year upon the net income of every corporation a tax at the following rates. * * *"

Treasury Regulations 62, relating to income and profits taxes, under the Revenue Act of 1921, provide:

"Art. 561. In general the deductions from gross income allowed corporations are the same as allowed individuals, except that corporations may deduct dividends as provided in par. 6, of section 234(a) and may not deduct charitable contributions. See Section 214 of the Statute. * * *"

"Art. 141. Losses sustained during the taxable year and not compensated for by insurance or otherwise are fully deductible (except by non-resident aliens) if (a) incurred in a taxpayer's trade or business. * * *"

"Art. 151. Bad Debts. * * * Where all the surrounding and attending circumstances indicate that a debt is worthless, either wholly or in part, the amount which is worthless and is charged off or written down to a nominal amount on the books of the taxpayer shall be allowed as a deduction in computing net income. * * * Any amount subsequently received on account of a bad debt or on account of a part of such debt previously charged off, and allowed as a deduction for income tax purposes, must be included in gross income for the taxable year in which received. In determining whether a debt is worthless in whole or in part the Commissioner will consider all pertinent evidence, including the value of the collateral, if any, securing the debt and the financial condition of the debtor. Partial deductions will be allowed with respect to specific debts only. Where the surrounding circumstances indicate that the debt is worthless and uncollectible and that legal action to enforce payment would in all probability not result in the satisfaction of execution on a judgment, a showing of these facts will be sufficient evidence of the worthlessness of the debt for the purpose of deduction. * * *"

"Art. 1. Bad debts or accounts charged off * * * which are subsequently recovered, whether or not by suit, constitute income for the year in which recovered, regardless of the date when the amounts were charged off."

The presumption is that in determining the deficiency the Commissioner acted regularly and in accordance with the law, and, in applying to the Board of Tax Appeals to overrule the Commissioner, it was incumbent upon the petitioner to show that the determination was erroneous. Brooks v. Commissioner (C. C. A.) 35 F.(2d) 178 and authorities there cited.

It is well settled that findings of the Board of Tax Appeals on questions of fact will not be disturbed on appeal when supported by evidence, and this has been repeatedly held by this court. Ox Fibre Brush Co. v. Blair, 32 F.(2d) 42; Atlantic Coast Distributors v. Commissioner, 33 F.(2d) 733; Guy v. Commissioner, 35 F.(2d) 139. See, also, Royal Packing Co. v. Commissioner (C. C. A.) 22 F.(2d) 536; Henderson Iron Works v. Blair, 58 App. D. C. 114, 25 F. (2d) 538; Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277.

Consideration of the admitted facts in this case leads us to the conclusion that the determination of the deficiency by the Commissioner and the action of the Board of Tax Appeals in affirming the Commissioner's determination were right. The bank closed on November 1, 1921, and was reopened for business on December 1, following. Practically all of the depositors had agreed to allow their deposits to remain for a period of one year. Petitioner was not only a party to this agreement through its officers, but new deposits were made in petitioner's name. It was impossible to ascertain before the end of the year 1921 and within one month of the reopening of the bank that petitioner's deposit was a total loss. As a matter of fact, dividends have been paid petitioner amounting to 15 per cent., and at the time of the determination the bank was still in process of liquidation with other dividends to follow. Under these circumstances, the presumption at the

end of the year 1921 would be very strong against the conclusion that the deposit was a total loss.

The judgment of the Board of Tax Appeals is accordingly affirmed.