**FINANCE & GUARANTY CO. v. COMMISSIONER OF INTERNAL REVENUE.**
**No. 3144.**

Circuit Court of Appeals, Fourth Circuit.

June 17, 1931.

Theodore B. Benson, of Washington, D. C. (Enos S. Stockbridge, of Baltimore, Md., on the brief), for petitioner.

Wm. Cutler Thompson, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals (reported in 19 B. T. A. 1313), and involves income and profits taxes for the year 1920 in the amount of $10,833.73.

The taxpayer, a Delaware corporation, with its principal office at Baltimore, Md., is a finance company given broad powers under its charter, enabling it, in addition to its financing business, to "buy, sell, exchange, hold and own * * * personal property of any kind whatsoever." A subsidiary of the petitioner, known as the Finance Trust, was organized, and through this subsidiary, it operated in New York. In the fall of 1919, the Finance Trust Company entered into a contract with the Morcott Company of New York, under the terms of which contract the trust purchased in Japan and imported into the United States certain silk, paying, in addition to the purchase price and shipping charges, custom duties, warehouse charges, etc. The silk was purchased to meet sales which the Morcott Company had made or was to make, was warehoused in the name of the trust, and when sold was shipped out on orders of the Morcott Company, being paid for by that company as shipped. The silk was carried on the books of the trust as an account receivable from the Morcott Company. Some time in 1920, the Morcott Company failed. The petitioner and its subsidiary, the Finance Trust, filed a consolidated return for 1920, for the purpose of taxation, in which return a deduction of $37,384.66 was claimed as a loss, arising from the business relations between the trust and the Morcott Company. The amount of the deduction claimed represents the difference between the cost of the silk, as carried in the Morcott Company account, and the market value at the close of the taxable year, as determined by an inventory of the silk on hand.

The Commissioner of Internal Revenue disallowed the deduction claimed upon the theory that the silk was held by the trust as security for advances on credits given the Morcott Company. The petitioner appealed to the Board of Tax Appeals from this finding of the commissioner, and the board affirmed the finding.

On hearing before the board, it was stipulated by counsel representing petitioner that if it were found that the petitioner was not

1062

engaged in buying and selling silk, but, on the contrary, was engaged in financing sales of silk, that the action of the commissioner should be sustained.

The statute involved is section 203 of the Revenue Act of 1918, chapter 18, 40 Stat. 1057, 1060, and reads as follows: "That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income."

■ Under the stipulation entered into at the hearing before the board, the only question presented is whether the board erred in finding that the action of the commissioner could not be set aside, and no question is here presented as to whether the amount claimed as a deduction could have been properly claimed as a deduction for a bad debt. As will be seen from the act, Congress plainly placed the question of the proper use of inventories within the opinion of the commissioner, and that question was left by Congress to the discretion of the commissioner. In such a case a heavy burden of proving that the commissioner's action was plainly arbitrary rests upon the taxpayer. Lucas, Commissioner of Internal Revenue, v. Kansas City Structural Steel Company, 281 U. S. 264, 50 S. Ct. 263, 74 L. Ed. 848.

■ Where a statute commits to an executive department of the government a duty requiring the exercise of administrative discretion, the decision of the executive department, as to such questions, is final and conclusive, unless it is clearly proven arbitrary or capricious, or fraudulent, or involving a mistake of law. Work v. Rives, 267 U. S. 175, 45 S. Ct. 252, 69 L. Ed. 561; Silberschein v. United States, 266 U. S. 221, 225, 45 S. Ct. 69, 69 L. Ed. 256; United States v. Atchison, T. & S. F. Ry. Co., 249 U. S. 451, 39 S. Ct. 325, 63 L. Ed. 703; Ross v. Day, 232 U. S. 110, 34 S. Ct. 233, 58 L. Ed. 528. See, also, Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985.

■ A study of the record leads us to the conclusion that the action of the commissioner was not only not arbitrary or capricious, but was correct. So far as the record shows, this was the only purchase of silk made by the trust company, and the purchase was made under an express contract with the Morcott Company, and while made in the name of the trust company all sums expended were charged to the Morcott Company on the books of the trust company. The account was increased or diminished as money was paid out for the silk, and as the Morcott Company paid for the silk withdrawn. Had the Morcott Company not failed, it could have been made to carry out the contract with the trust company. The principal business of the trust company was not the silk business, but was the financing of transactions of general character, and the Board of Tax Appeals so found. Findings of the board on questions of fact will not be disturbed by the courts where there is substantial evidence to support them. Van Smith Building Material Co. v. Commissioner of Internal Revenue (C. C. A.) 44 F.(2d) 54, and authorities there cited.

It is contended on behalf of the petitioner that because the board said in its opinion that " * * * the silk was purchased in Japan by the Trust for its own account * * * " it found as a fact that the trust company was engaged in the business of buying and selling silk. We do not think so. The board was evidently referring to the fact that the purchase was made in the name of the trust company.

Under the stipulation above referred to, the question as to whether the amount would be properly allowable as a bad debt was not before the board, and is not before us to review. There is nothing in the record to show whether Morcott Company gave any security to the finance company for the performance of the contract, or whether the Morcott Company paid anything to its creditors upon its failure.

The decision of the Board of Tax Appeals is accordingly affirmed.