## FRIED v. COMMISSIONER OF INTERNAL REVENUE.

## EINHORN v. SAME.

### No. 9.

Circuit Court of Appeals, Second Circuit.

April 6, 1936.

Leo K. Martus, of New York City (John J. Curtin, of New York City, of counsel), for Albert Fried and Benjamin Einhorn, copartners doing business under the firm name of Albert Fried & Co.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Each petitioner is one of the two partners constituting the partnership of Albert Fried & Co., brokers. Each partner owned a membership in the New York Stock Exchange where the firm leased floor space for the transaction of its business during the taxable year. An office was also maintained by the firm at 120 Broadway in New York City.

It was stipulated, inter alia, that during the taxable year 1931, the partnership specialized in thirteen different securities which were traded in regularly on the Stock Exchange. It was customary for it to keep on hand supplies of the shares in which it specialized and to buy and sell such shares as it received orders from other members of the Exchange; its business as the specialist in such stocks being to execute orders at the prevailing market price either for purchase or sale as customers might require. All the stock it bought was actually received by it, and all it sold was delivered. At times it could and did match buying and selling orders. It at all times carried at the end of a month during the year from 10,300 shares to 62,300 shares for resale, and regularly inventoried all unsold securities on hand at market value. The income return of the firm was made upon the basis on which its books were kept, and its practice to inventory securities kept for sale

was consistent. During 1931 it sold securities to 431 customers whose purchases ranged from a minimum of 100 shares at a time to 5,700 shares. It bought and sold the greater part of all the shares of stock in which it specialized which were traded on the Exchange in 1931, and often bought or sold to keep the price from fluctuating too widely. Its purchases and sales were frequent, substantial, and regular.

The firm also bought and sold securities in which it was not the specialist, but as to them, no claim is made that it was a dealer.

The deficiencies redetermined arose as a result of the refusal of the Commissioner to allow the tax to be computed on the basis of inventories, and were sustained because a majority of the Board decided that petitioners had failed to show that they were dealers in the thirteen diffent stocks in which the firm specialized and so entitled to the use of inventories in computing taxable income. The decisive question is whether they were dealers entitled to do so under section 22(c) of the Revenue Act of 1928 (26 U.S.C.A. § 22 and note) and article 105 of T.R. 74.

The above statute required a taxpayer to use inventories whenever in the opinion of the Commissioner their use was necessary in order clearly to reflect taxable income, and when required they were to be taken upon an approved basis "conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income."

Article 105 of T.R. 74 follows:

"Art. 105. Inventories by dealers in securities.—A dealer in securities, who in his books of account regularly inventories unsold securities on hand either—

"(a) At cost;

"(b) At cost or market, whichever is lower; or

"(c) At market value,

may make his return upon the basis upon which his accounts are kept; provided that a description of the method employed shall be included in or attached to the return, that all the securities must be inventoried by the same method, and that such method must be adhered to in subsequent years unless another be authorized by the Commissioner. For the purpose of this rule, a dealer in securities is a merchant of securities, whether an individual, partnership, or corporation, with an established place of business, regularly engaged in the purchase of securities and their resale to customers; that is, one who as a merchant buys securities and sells them to customers with a view to the gains and profits that may be derived therefrom. If such business is simply a branch of the activities carried on by such person, the securities inventoried as here provided may include only those held for purposes of resale and not for investment. Taxpayers who buy and sell or hold securities for investment or speculation and not in the course of an established business, and officers of corporations and members of partnerships who in their individual capacities buy and sell securities, are not dealers in securities within the meaning of this rule."

■ This regulation recognizes that a taxpayer may be a dealer in some securities and not in others bought or sold. The dealer is one who, having an established place of business, may be said to keep securities as though on his shelves to supply the wants of regular customers as does an established merchant his goods. He is to be distinguished from the speculator in stocks and from the investor. See Harriman National Bank v. Commissioner (C.C.A.) 43 F.(2d) 950, and Seeley v. Helvering (C.C.A.) 77 F.(2d) 323.

■ Though the Board of Tax Appeals was divided in opinion on whether the stipulated facts were enough proof of the status as dealers of the petitioners in respect to the stocks in which Fried & Co. specialized and the majority thought not, we believe those facts bring this case within our decision in Commissioner v. Stevens, 78 F.(2d) 713. We can find no material difference whatever between that case and this. Following our decision in the Stevens Case, we feel bound to hold that the petitioners have shown themselves to be within the scope of the above-quoted regulation and entitled to the use they made of inventories.

Decisions reversed and remanded for further proceedings in accord with the foregoing.