AUTOMOBILE SALES CO., Inc., v. BOWLES, Adm'r.

No. 22210.

District Court, N. D. Ohio, E. D.

April 27, 1944.

W. R. Price and Joseph M. Murphy (of Miller & Hornbeck), and Howard R. Hirsch and A. R. Fiorette, District Enforcement Counsel, Cleveland District, all of Cleveland, Ohio, for Office of Price Administrator.

FREED, District Judge.

The plaintiff, a Tennessee corporation, seeks to enjoin Chester Bowles, Administrator of the Office of Price Administration, from carrying out a suspension order revoking its gasoline rations for a period of one year.

The matter was submitted on arguments of counsel, the record of the hearing of charges conducted by Presiding Officer Rogers of the Office of Price Administration, and briefs.

The proceedings, which culminated in the suspension order, originated with a notice served on the plaintiff in which it was accused of violation of Ration Order 5c, Section 1394, 7851 (b–5) in that:

(1) On or about July 13, 1943, it caused to be driven from Troy, N. Y., to Geneva, Ohio, twelve used automobiles, and

(2) On July 7, 1943, and on July 12, 1943, in an application to the Troy (N.Y.) Rationing Board for gasoline rations to transport sixty automobiles, plaintiff failed to disclose it knew the automobiles were to be driven from Troy, N. Y., to Memphis, Tenn., and hence the applications were false.

Upon a hearing before a special hearing officer at Cleveland the charges were sustained in both respects, and he issued a suspension order for one year. This order was appealed to the Chief Hearing Commissioner on the record. He sustained the first charge of violation and held there was no violation on the second. He reduced the suspension order to three months.

On appeal to the Acting Hearing Administrator both charges were sustained, and the suspension order for the original period of one year was issued.

Plaintiff contends, among other grounds for relief, that the suspension order is not sustained by substantial evidence, and is arbitrary and capricious.

It is agreed by both parties that as a matter of law the court may inquire into the record here presented upon the basis of which the suspension order was issued, and if it concludes that the order was predicated upon substantial evidence, the administrative order cannot be set aside.

There is no denial by plaintiff that the defendant, Administrator of the Office of Price Administration, has the legal right and authority to conduct suspension proceedings as an incident to carrying out his power to allocate scarce materials. Plaintiff does not deny the authority of the Presiding Officer, the Chief Hearing Commissioner and the Acting Hearing Administrator to hold hearings and consider appeals looking to a suspension order if plaintiff was guilty of violations of rationing regulations. Since no issue is raised on these propositions, there is no occasion for their discussion.

An examination of the record and the law relating to administrative proceedings which have gradually tended of late to replace judicial proceedings in our more and more complex social and economic life, leads to the inescapable result that plaintiff's contentions are well made.

The record of the hearings before the Cleveland Presiding Officer, and the opinions of the various reviewing officers, disclose that the charges were based, and the conclusions were reached, on three matters presented.

The first item of proof was an affidavit signed by one Archer, who was, from time to time, employed by the plaintiff company. He was stopped or "apprehended" by agents of the Office of Price Administration while driving at Geneva, Ohio. He was questioned by two agents, then one of the agents wrote out an affidavit in long-hand, which Archer signed. Archer was not present at the hearing. Plaintiff vehemently objected to the introduction of the affidavit unless Archer were called, and an opportunity were afforded to cross-examine him. The

officer overruled the objection and held that the plaintiff, through its counsel, could cross-examine the agents relative to the taking of the affidavit, and pointed out that the objection was rather technical. This court cannot agree with that ruling.

■ The introduction of an accusing affidavit to form the basis of proof of the truth of its contents, without the right afforded to cross-examine the person purportedly making it, violates every known rule of evidence except in ex parte proceedings. Even the liberal rules recognized in administrative proceedings do not countenance such proof.

By this affidavit the Office of Price Administration seeks to establish Archer, by his own assertion, as the agent of the plaintiff; that he was sent to Troy from Memphis with twenty automobile license plates to bring cars to Memphis; and to prove conversations with a responsible officer of the plaintiff company, who, it is charged ordered him to use gasoline in violation of the regulations, which is denied.

■ As further proof of the claimed violations found in the record, there were offered applications for gasoline ration coupons made at Troy, N. Y., in the name of the plaintiff company. There is nothing in the record tending to show that the person who made the applications and who received the coupons was in any way connected with the plaintiff or was authorized to make the applications. In fact, it is shown that one E. A. Connell is a resident of Troy, N. Y., and is employed by the dealer at Troy who sold the cars to the plaintiff, and undertook their transportation to Memphis, Tenn.

No proof of false statement by the plaintiff company may be discerned, except by basing inference on inference, in such evidence.

■ The evidence offered by Mr. Fiorette, the Office of Price Administration Enforcement Attorney, that " * * * it was definitely stated by Mr. Schmidt (an officer of the plaintiff company) to me that it was his driver or drivers who were operating those cars at the time they were stopped * * * " may tend to cast a suspicion of knowledge of the violations, but in the absence of clearer and more convincing evidence, does not prove it. The testimony that the plaintiff company paid the established I.C.C. rates for the transportation of the automobiles, and that it did not pay Archer's wages or expenses, raises such serious doubts about the plaintiff's responsibility for the charged violations, as tend to make the administrative findings conclusively erroneous.

■ This court is fully mindful of the well established principle of law expressed in numerous reported cases that a court will not substitute its judgment for that of the administrative official in making a decision entrusted to the latter's discretion by Congressional enactment, unless it clearly appears that the administrative decision was not based on substantial evidence, or that it was arbitrary and capricious.

In 1936, Mr. Justice Stone of the United States Supreme Court, discussing the power of Congress to create administrative agencies, and give them the power to make determinations, and in defining the effect of such administrative determinations, said (Dismuke v. United States, 297 U.S. 167, at page 172, 56 S.Ct. 400, at page 403, 80 L.Ed. 561): "It (Congress) may withhold all remedy or it may provide an administrative remedy and make it exclusive, however mistaken its exercise. See United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011. But, in the absence of compelling language, resort to the courts to assert a right which the statute creates will be deemed to be curtailed only so far as authority to decide is given to the administrative officer. If the statutory benefit is to be allowed only in his discretion, the courts will not substitute their discretion for his. Williamsport Wire Rope Co. v. United States, 277 U.S. 551, 48 S.Ct. 587, 72 L.Ed. 985; United States v. Atchison, T. & S. F. R. Co., 249 U.S. 451, 454, 39 S.Ct. 325, 63 L.Ed. 703; Ness v. Fisher, 223 U.S. 683, 32 S.Ct. 356, 56 L.Ed. 610. If he is authorized to determine questions of fact, his decision must be accepted unless he exceeds his authority by making a determination which is arbitrary or capricious or unsupported by evidence, see Silberschein v. United States, 266 U.S. 221, 225, 45 S.Ct. 69, 69 L.Ed. 256; United States v. Williams, 278 U.S. 255, 257, 258, 49 S.Ct. 97, 73 L.Ed. 314; Meadows v. United States, 281 U.S. 271, 274, 50 S.Ct. 279, 74 L. Ed. 852, 73 A.L.R. 310; Degge v. Hitchcock, 229 U.S. 162, 171, 33 S.Ct. 639, 57 L.Ed. 1135; or by failing to follow a procedure which satisfies elementary standards of fairness and reasonableness essential to the due conduct of the proceeding which Congress has authorized, Lloyd Sabaudo

Societa v. Elting, 287 U.S. 329, 330, 331, 53 S.Ct. 167, 77 L.Ed. 341. But the power of the administrative officer will not, in the absence of a plain command, be deemed to extend to the denial of a right which the statute creates, and to which the claimant, upon facts found or admitted by the administrative officer, is entitled."

And, again, in Lloyd Sabaudo Societa v. Elting, 287 U.S. 329, at page 335, 53 S.Ct. 167, at page 170, 77 L.Ed. 341, Mr. Justice Stone, in an action arising under the Immigration Act, said: "The action of the Secretary is, nevertheless, subject to some judicial review, as the courts below held. The courts may determine whether his action is within his statutory authority, compare Gonzales v. Williams, 192 U.S. 1, 24 S.Ct. 177, 48 L.Ed. 317; Gegiow v. Uhl, 239 U.S. 3, 36 S.Ct. 2, 60 L.Ed. 114, whether there was any evidence before him to support his determination, compare Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560, and whether the procedure which he adopted in making it satisfies elementary standards of fairness and reasonableness, essential to the due administration of the summary proceeding which Congress has authorized. * * *"

■ It is readily conceded that in an administrative proceeding the hearing officer is not limited by the strict rules of evidence applicable to jury trials. This does not mean, however, that any and all proffers of evidence must be accepted.

■ While it is true that the rules have been relaxed with respect to administrative hearings, the United States Supreme Court has held repeatedly that even administrative hearing officers must conform to some fair standard of proof. As was pointed out by Mr. Chief Justice Hughes, in Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 59 S. Ct. 206, 216, 83 L.Ed. 126: "The companies contend that the Court of Appeals misconceived its power to review the findings and, instead of searching the record to see if they were sustained by 'substantial' evidence, merely considered whether the record was 'wholly barren of evidence' to support them. We agree that the statute, in providing that 'the findings of the Board as to the facts, if supported by evidence, shall be conclusive', * * * means supported by substantial evidence. * * * Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. * * * We do not think that the Circuit Court of Appeals intended to apply a different test. In saying that the record was not 'wholly barren of evidence' to sustain the finding of discrimination, we think that the court referred to substantial evidence. * * *

"The companies urge that the Board received 'remote hearsay' and 'mere rumor.' The statute provides that 'the rules of evidence prevailing in the courts of law and equity shall not be controlling.' The obvious purpose of this and similar provisions is to free administrative boards from the compulsion of technical rules, so that the mere admission of matter which would be deemed incompetent in judicial proceedings would not invalidate the administrative order. * * * But this assurance of a desirable flexibility in administrative procedure does not go so far as to justify orders without a basis in evidence having rational probative force. Mere uncorroborated hearsay or rumor does not constitute substantial evidence."

Mr. Justice Lamar, in Interstate Commerce Commission v. Louisville & N. R., in 227 U.S. 88, at page 93, 33 S.Ct. 185 at page 187, 57 L.Ed. 431, applied the same rule in connection with administrative proceedings: "The Commission is an administrative body and, even where it acts in a quasi judicial capacity, is not limited by the strict rules, as to the admissibility of evidence, which prevail in suits between private parties. Interstate Commerce Commission v. Baird, 194 U.S. 25, 24 S.Ct. 563, 48 L.Ed. 860. But the more liberal the practice in admitting testimony, the more imperative the obligation to preserve the essential rules of evidence by which rights are asserted or defended. In such cases the Commissioners cannot act upon their own information, as could jurors in primitive days. All parties must be fully apprised of the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal. In no other way can a party maintain its rights or make its defense. In no other way can it test the sufficiency of the facts to support the finding; for otherwise, even though it appeared that the order was without evidence, the manifest deficiency could always be explained on the theory that the Commission had before it extraneous, unknown, but presumptively

sufficient information to support the finding."

 Material and substantive rights of citizens are determined by the Hearing Officer. He assumes great power and authority under the Act and regulations in conducting hearings. He is, therefore, duty-bound to be particularly sensitive to his responsibility. His finding of facts in a case that may result in the destruction of a man's business must be based on substantial evidence of probative force, and not on suspicion, innuendo and faulty conclusions on disputed facts. The enforcement of war measures should in no wise be the excuse to relax fundamental principles and rules of evidence formulated by the courts to prevent miscarriages of justice. Denial of right of cross-examination and inference on inference have no more place in the conduct of hearings by an administrative officer than in a court of law.

No judicial approval or sanction should be given to findings which are reached on the basis of a record entirely devoid of competent evidence or substantial proof.

The promotion of the war effort by proper allocation of strategic materials for the benefit of the nation does not justify peremptory findings unsupported by facts.

The injunction, therefore, will be granted.