~
**Fifth Third Bank
of Columbus v. Bowman
Case No. 89AP515
Franklin County, (10th)
Decided February 13, 1990**
[Cite as 1 AOA 396]

*Baker & Hostetler, and Ms. Karen E. Sheffer, for appellee.*

*Mr. David M. Bowman, Pro se.*
*Mr. Philip M. Manogg, Pro se.*

McCORMAC, P.J.
Plaintiff-appellee, Fifth Third Bank of Columbus, Inc., filed a proceeding in garnishment of property other than personal earnings,pursuant to R.C. 2716.11, against judgment-debtor- appellant, Philip M. Manogg. At appellant's request, a hearing was held, pursuant to R.C. 2716.13, to determine whether appellee could garnish appellant's property consisting of two checking accounts. The hearing was held before a referee in the common pleas court. The referee ruled that the petition for garnishment should be allowed. The court of common pleas adopted the referee's report. The debtor appeals, asserting the following assignments of error:

"1.) The Trial Court erred in refusing to allow Philip M. Manogg to call Karen Sheffer as on cross examination at the hearing held on October 14, 1988. Said refusal was a denial of due process.
"2.) The Trial Court erred in ruling that account 8500-256-5 was attachable to satisfy judgment of Plaintiff.
"3.) The Trial Court erred in ruling that account 8500-1546 was attachable to satisfy judgment of Plaintiff.
"4.) The Trial Court erred in taking 4 months to render a decision on the matters before it October 14, 1988."

Appellee obtained a judgment against

appellant for $2,940. Appellee then commenced a proceeding in garnishment against appellant by filing affidavits against all of the banks (eight) in Newark, where appellant resided and was employed as an attorney. Orders of garnishment of property were issued to the banks. The Central Trust Company responded that appellant had $1,970.47 deposited with them in two separate checking accounts.

At the hearing, appellant sought to call Karen Sheffer, the attorney who had filed the affidavits. Appellant stated that his purpose for calling Sheffer was to inquire into her grounds for stating in the affidavit that she had a good-faith belief that the garnishee, Central Trust Company, had money, property, or credits of appellant that may not be exempt from garnishment. Sheffer responded that she saw no purpose in being called to testify at the hearing. Sheffer defended her affidavit by stating that she knew appellant resided in Newark and was employed in Newark, and that those two pieces of information were sufficient to state that she held a good-faith belief. The referee agreed with Sheffer, stating that to her knowledge this practice was how it was typically done and the fact that one of the garnished banks did, indeed, have funds belonging to appellant was at least some evidence that Sheffer's assumption had been correct.

After objecting to the referee's refusal to permit him to call Sheffer as a witness, appellant testified as to the two accounts. Concerning account number 8500-256-5, appellant testified that, while the account was in his name, he had not used it for five to seven months, that his wife had been using that account, and that the funds totalling $195.77 were, in fact, hers. He also introduced an affidavit sworn to by his wife stating the same. Sheffer objected to admission of Mrs. Manogg's affidavit as probative evidence because she was not present to be cross-examined. The referee permitted the affidavit to be admitted. Concerning the second account, number 8500-1546, totalling $1,774.70, Manogg testified that all of the money in that account was from earnings from his law practice, but he did not specify the time that the money was earned or deposited.

The referee determined that both accounts were subject to garnishment. Addressing account number 8500-256-5, the referee ruled, assuming the truth of Mrs. Manogg's affidavit, that because the account was in appellant's name only he had a legal right to withdraw funds and use them for his own purposes at any time. This led the referee to conclude as a matter of law that the funds were not exempt from garnishment. Concerning the second account, the referee noted that the only evidence offered as to the character of these funds was testimony by appellant. Based upon his demeanor and credibility, the referee determined that his testimony was wholly unworthy of belief and that the funds were nonexempt.

In his first assignment of error, appellant asserts that he was denied his constitutional right to due process when the referee refused to allow him to call Sheffer for cross-examination. In support of his contention, appellant argues that Sheffer's testimony would have directly addressed the purposes of the hearing: the status of the garnished funds as exempt or nonexempt and the propriety of the garnishment order. Appellant also argues that, since an affidavit is a prerequisite to a garnishment proceeding, as a matter of due process, he had the right to cross-examine the affiant as to the basis for her affidavit.

R.C. 2716.13 addresses proceedings in garnishment of property other than personal earnings. R.C. 2716.13(A) states that, once the judgment creditor has filed his affidavit pursuant to R.C. 2716.11, the court shall schedule a hearing to be held within twelve days of that time. R.C. 2716.13(B) provides that, once the hearing has been scheduled, three copies of the order garnishment of property shall be issued to the garnishee along with a notice. It also contains a sample "ORDER AND NOTICE OF GARNISHMENT OF PROPERTY OTHER THAN PERSONAL EARNINGS AND ANSWER OF GARNISHEE" which must be substantially followed. The order of garnishment sent to the garnishee, Central Trust Company, in the present case substantially followed the statutory sample. The order sent to Central Trust stated, in part:

"THE JUDGMENT CREDITOR IN THE ABOVE CASE HAS FILED THE ABOVE AFFIDAVIT, SATISFACTORY TO THE UNDERSIGNED, IN THE FRANKLIN COUNTY COMMON PLEAS COURT, STATING THAT YOU HAVE MONEY, PROPERTY, OR CREDITS, OTHER THAN PERSONAL EARNINGS, IN YOUR HANDS OR UNDER YOUR CONTROL THAT BELONGS TO THE JUDGMENT

DEBTOR IN THE CASE AND THAT SOME OF THE MONEY, PROPERTY, OR CREDITS MAY NOT BE EXEMPT FROM EXECUTION OR GARNISHMENT UNDER THE LAWS OF THE UNITED STATES AND OF THE STATE OF OHIO."

R.C. 2716.13(C)(1) further provides that, when the affidavit is filed, notice and a hearing request form need to be issued to the judgment debtor. R.C. 2716.13(C)(1) also contains a sample of the notice to the judgment debtor which must be substantially followed. The notice sent to appellant substantially followed this example. Among other matters, this notice informs the judgment debtor that he is entitled to a hearing to dispute whether or not the garnished funds are exempt or to dispute the propriety of the order. The judgment debtor bears the burden of proving that the funds in question are exempt.

The specific question to be answered in this case is whether, under the statutory procedure for garnishment, the judgment debtor should be afforded, as a matter of right, the opportunity to call the affiant at the hearing as a witness.

When faced with determining the due process requirements prior to the determination of social security disability benefit payments, the United States Supreme Court observed that due process "'unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.' *Cafeteria Workers* v. *McElroy*, 367 U.S. 886, 895, *** (1961). '[D]ue process is flexible and calls for such procedural protections as the particular situation demands.' *Morrissey* v. *Brewer*, 408 U.S. 471, 481, *** (1972). ***" *Mathews* v. *Eldridge* (1976), 424 U.S. 319, 334. The Supreme Court has also observed "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg* v. *Kelly* (1970), 397 U.S. 254, 269.

The Ohio Supreme Court has held that "[w]here a witness, on his examination in chief, testifies to important facts in favor of the party calling him, we think prejudice to the adverse party should be presumed to arise from the denial of the right to a fair and proper cross-examination. ***" *Martin* v. *Elden* (1877), 32 Ohio St. 282, 287. In *Automobile Sales Co.* v. *Bowles* (N.D. Ohio 1944), 58 F.Supp. 469, the district court held that the "introduction of an accusing affidavit to form the basis of proof of the truth of its contents, without the right afforded to cross-examine the person purportedly making it, violates every known rule of evidence except in ex parte proceedings. ***" *Id.* at 471.

Resolution of appellant's first assignment of error turns on whether or not the principles from the above-quoted cases apply to the situation at hand. Unlike the situations in the above cases, Sheffer did not testify at the hearing, nor was her affidavit admitted into evidence. Rather, it was a prerequisite for the hearing.

Evid. R. 402 provides that evidence, which is not relevant, is not admissible. Evid. R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Evid. R. 602 provides, in part, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. ***" The author's comment to Evid. R. 602 states that the trial judge must only decide whether there has been sufficient evidence introduced to support a finding that the witness has first-hand knowledge, not whether the witness has first-hand knowledge.

The affidavit whose good-faith appellant attempted to attack was not a part of the order. The order does mention the affidavit and states that it was satisfactory to the judge of the court. R.C. 2716.11 sets forth the requirements that the affidavit must meet and does not include among these requirements that the affiant provide justification in the affidavit for the existence of its good-faith belief. The Ohio Supreme Court has also held "[w]hen a statement is required, in no prescribed form, as a predicate for the action of a court or judge, and as a step in the remedial proceeding, conclusive upon no right of the party, whether that statement shall be more or less definite and specific, must be regarded as a matter of practice, resting in the discretion of the court of original jurisdiction. ***" *Harrison and Wiley* v. *King, Carey & Howe* (1859), 9 Ohio St. 388, 393. The affidavit was filled out in a typical manner. The ruling involved only a preliminary determination not going to the merits of whether the property was subject to garnishment. Under Evid. R. 104, this was a preliminary question where the court was not bound by the rule of evidence. Sheffer's

statement that she issued the affidavits to all Newark banks based upon appellant being an attorney practicing in Newark was sufficient, within the court's discretion, to establish good faith. In any event, there is no basis for "suppressing" the evidence of property even if located through a "shotgun" method.

Turning to Sheffer's qualifications to testify as to the status of the garnished funds: the affidavit does not require the affiant to have any personal knowledge about the funds; nor was there evidence before the referee that Sheffer had personal knowledge of the status of the funds. The referee properly refused to permit appellant to call Sheffer on cross-examination. Sheffer would not have provided any relevant testimony and her affidavit was not used as evidence.

Appellant's first assignment of error is overruled.

In his second assignment of error, appellant disputes the referee's finding that, as a matter of law, because the money in checking account number 8500-256-5 was in the name of appellant only, the money was not exempt from garnishment. Appellant contends that this ruling is contrary to the decision of *Union Properties, Inc.* v. *The Cleveland Trust Co.* (1949), 152 Ohio St. 430. The holding of *Union Properties, Inc.*, *supra*, is not dispositive of the issue before this court. *Union properties* involved money deposited in a *joint* account. The present case does not involve a joint account. A substantial difference exists between the law concerning joint accounts and an account in the name of one individual.

R.C. 2716.11 addresses the garnishment of property of a debtor. An unrestricted checking account in the sole name of the debtor constitutes "property" of the debtor for the purposes of garnishment since the debtor has the *exclusive* right to use and dispose of the property. Any alleged equitable owner has allowed legal ownership to be placed with the debtor. In fact, the affidavit of the spouse and the testimony of the debtor do not dispute the fact that the debtor has complete control over the account as a legal matter. R.C. 1107.07 allows deposits in trust for another. This vehicle was not used. The trial court did not err in holding the account subject to garnishment.

Appellant's second assignment of error is overruled.

In his third assignment of error, appellant asserts that the trial court erred when it ruled that the money in account number 8500-1546 was not exempt.

Appellant bore the burden of proving that these funds were exempt. The only evidence that he introduced into the trial concerning the nature of these funds was his personal testimony that the funds were deprived from earnings from his practice of law. There was no documentary evidence supporting his claim or identifying the source of the funds. In her report, the referee observed that she did not find this testimony to be credible. A reviewing court will give great deference to the findings of the trial court due to its superior position to view the witnesses and to observe their demeanor, gestures, and voice inflections. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80. Accepting the referee's conclusion that appellant's testimony was not credible, there was insufficient evidence introduced to meet appellant's burden of proof that the funds in the account were exempt. Moreover, appellant failed to prove that the funds were exempt even if it is accepted that they were derived from appellant's practice of law. Only personal earnings for services rendered within thirty days prior to the attachment are exempt from garnishment. R.C. 2329.66(A)(13).

Appellant's third assignment of error is overruled.

In his final assignment of error, appellant asserts that the trial court erred in taking four months to render its decision. Rule 59 of the Local Rules of Practice, Franklin County Court of Common Pleas, provides that referees shall issue their report in accordance with Civ. R. 53. Civ. R. 53(E) provides that referees shall prepare a report upon the matters submitted by the order of reference. No time limitation is identified. Although the report should have been prepared and served sooner than it was, appellant has not demonstrated prejudicial error.

Appellant's fourth assignment of error is overruled.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

HOOPER, J., Concurs.
WHITESIDE, J., Dissents.

HOOPER, J., of the Miami County Court of Common Pleas, sitting by assignment in the

Tenth Appellate District.

WHITESIDE, J., dissenting:

Being unable to concur in the conclusions reached by the majority, I must respectfully dissent.

R.C. Chapter 2716 does not preclude the defendant's raising at the garnishment hearing the question of sufficiency of the affidavit for garnishment. Rather, R.C. 2716.13(C)(1)(a) expressly provides that the notice to the defendant shall include a notice stating in part:

"If you dispute the judgment creditor's right to garnish your property and believe that he should not be given your money *** because they are exempt *or if you feel that this order is improper for any other reason*, you may request a hearing ***." (Emphasis added.)

A claim that the order is improper because of the affidavit upon which it is based is clearly within the contemplation of "any other reason" as set forth in the statute. The testimony of Sheffer would have been pertinent to this issue. The trial court erred in refusing to permit defendant to examine the witness. The statement of the witness referred to in the majority opinion was not under oath, does not constitute evidence, and cannot properly be considered for any purpose.

As to the second assignment of error, I concur in the majority opinion that the factual determination is not improper since it is within the province of the trier of fact not to believe the testimony of a witness, even if that testimony constitutes the only evidence upon an issue.